Marshall H. ANDERSON, Plaintiff,

v.

The GREAT WEST LIFE ASSURANCE, a Foreign Insurance Corporation, Defendant.

Civ. A. No. 89–71376.

United States District Court, E.D. Michigan, S.D.

Dec. 9, 1991.

Dennis E. Whedon, Joanne Rosenfeld, Jackson, Mich., for plaintiff Marshall H. Anderson.

Richard J. Gianino, Detroit, Mich., for defendant the Great West Life Assur. Co.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S OCTOBER 3, 1991 MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S SEPTEMBER 19, 1991 MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff Marshall H. Anderson brought this action against defendant Great West Life Assurance Company ("Great West") to recover benefits for nursing services pursuant to a health benefit plan sponsored by the Michigan Beer and Wine Wholesaler's Association ("MBWWA"). In an April 24, 1990 memorandum opinion, this court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment using "arbitrary and capricious" as the standard by which it reviewed defendant's denial of benefits. Plaintiff appealed the decision. In its August 21, 1991 opinion, the Court of Appeals for the Sixth Circuit vacated the decision and remanded the case for further consideration not only of whether Great West has been given discretion by the plan, but also the contours of the discretionary authority, if any, given to Great West.

Plaintiff filed a renewed motion for summary judgment September 19, 1991; in response, defendant filed a motion for summary judgment October 3, 1991.

### BACKGROUND FACTS

The facts of the instant action are not in dispute. Plaintiff Anderson, now eighty-one years of age, resides in Jackson, Michigan. He and his sons are the owners of Anderson Distributing Company, a beer, wine and soft drink distributor in the Jackson area.

As an employee of Anderson Distributing Company, plaintiff is a participant in a group medical and hospitalization insurance plan ("MBWWA Plan" or "Plan") sponsored by MBWWA. Defendant is administrator of portions of the Plan, including the payment of benefits. The only discretionary authority specifically retained by defendant regarding the determination of benefits is found in the following language of Article III of the Administration Agreement:

Great-West shall have the right to determine the amount of benefits to which any Participant may become entitled under the Plan. The determination of benefits payable shall be made in the same manner as such determination would be made under the provisions of the Policy in the absence of this Agreement.

Plaintiff's Ex. B at 5. There are no other provisions giving defendant discretionary authority to determine a participant's eligibility for benefits or to construe the terms of the Plan.

In the fall of 1988, plaintiff suffered a debilitating stroke requiring hospitalization. Following his discharge from the hospital, plaintiff was transferred to another hospital for a rehabilitation program as an in-patient. In late December 1988 plaintiff was discharged to his home under the care of a doctor who prescribed nursing services as a part of the discharge.

To provide such nursing services, plaintiff's family retained the services of Helping Hands of Jackson, Inc. ("Helping Hands"). The staff of Helping Hands includes registered nurses, licensed practical nurses, and what it calls "certified nurse's aides." Most of the services performed for plaintiff were provided by nurse's aides.

Among the benefits provided to participants in the MBWWA Plan, including plaintiff, is reimbursement for nursing care. In a March 10, 1989 letter, defendant denied plaintiff's request for payment of the nursing services provided by Helping Hands because "the services rendered [did] not fall within the eligible provisions of [the] contract." Defendant further stated in its answers to first set of interrogatories that denial was proper because plaintiff was "treated by nurses aides, not registered nurses or licensed practical nurses...." Defendant's Answers to First Set of Interrogs. at 2.

In addressing plaintiff's and defendant's renewed motions for summary judgment, the court will first determine the proper

standard of review of defendant's denial of benefits and then rule on the denial.

## ARGUMENT

### I: STANDARD OF REVIEW

 In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989), the Supreme Court declared that a denial of benefits challenged under Section 502(a)(1)(B) of the ERISA, 29 U.S.C. § 1132(a)(1)(B), is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. In order to apply the arbitrary and capricious standard of review, there must be a clear grant of discretion to the administrator. *Anderson v. Great West Life Assurance Co.*, 942 F.2d 392, 395 (6th Cir.1991); *Brown v. Ampco–Pittsburgh Corp.*, 876 F.2d 546, 550 (6th Cir.1989). The fact that the administrator exercises discretion and control over the payment of benefits is not sufficient to permit review under the arbitrary and capricious standard. *Garavuso v. Shoe Corp. of Am. Indus., Inc.*, 709 F.Supp. 1423, 1426 (S.D.Ohio 1989) (*citing Bruch*, 489 U.S. at 101, 109 S.Ct. at 948), *aff'd*, 892 F.2d 79 (6th Cir.1989). Finally, the Sixth Circuit held in the appeal of the instant action, "[A] plan can give an administrator discretion with respect to some decisions, but not others. A fiduciary or administrator does not have discretion with respect to all aspects of a plan simply because the administrator has discretion to interpret some provisions." *Anderson*, 942 F.2d at 395.

 The court finds that the only right retained by defendant is in the provision previously quoted from Article III of the Administration Agreement. It provides that defendant has the right to determine only the amount of benefits to which a participant may be entitled under the Plan. No other provision gives defendant discretionary authority to determine a participant's eligibility for benefits or to construe the terms of the Plan. Like the plans in *Garavuso* and *Bruch* and found to be sub-

ject to the *de novo* standard of review, the MBWWA Plan "contains no language, insofar as the benefits expressly itemized in the [P]lan are concerned, granting [the administrator] the power to construe uncertain terms or providing that eligibility determinations are to be regarded with deference." *Garavuso*, 709 F.Supp. at 1425–26. Again, the only control expressly retained by defendant under the Administration Agreement, or any other Plan document, is with respect to the determination of the amount of benefits to which a participant may be entitled. Under *Bruch* and *Garavuso*, such discretion and control is insufficient to permit review under the arbitrary and capricious standard. Therefore, defendant's denial of benefits to plaintiff must be reviewed *de novo*.

### II: REVIEW OF THE DENIAL OF BENEFITS

 "Although the Supreme Court did not discuss the meaning of *de novo* review in *Bruch*, we believe that *Bruch* contemplates that the district court will review the administrator's decision *de novo*, that is without deference to the decision or any presumption of correctness, based on the record before the administrator." *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir.1990). "When a court reviews a decision *de novo*, it simply decides whether or not it agrees with the decision under review." *Id.*

 The nursing services covered by plaintiff's policy are described in the Plan as follows:

> Nursing Care—Medical care of injury or sickness by a nurse who is not related to you and who does not ordinarily reside in your home. For purposes of this provision, "nurse" shall mean only a registered graduate nurse, or a practical nurse who is either licensed under the laws of the State in which he or she resides or is registered by an organization operated with the approval of the medical profession.

Plaintiff's Ex. C at 20. Plaintiff agrees that the services for which he seeks recov-

ery, those of Helping Hands' nurses' aides, were not provided by a registered graduate nurse nor by a practical nurse who is licensed under Michigan law. Plaintiff seeks recovery of benefits by claiming the services were provided by a practical nurse who is registered by an organization operated with the approval of the medical profession.

Plaintiff contends that the nurses' aides are practical nurses, that they work for, and are "certified" by, Helping Hands, which in turn is operated with the approval of the medical profession. The deposition testimony of Dr. Edurese indicates that Helping Hands operates with some degree of approval of the medical profession, as Dr. Edurese issued orders to Helping Hands for the care of plaintiff and the hospital hires the organization to care for patients at home. Edurese Dep. at 8. However, plaintiff has offered no evidence of any formal approval by a medical association or agency. In any event, the case turns on the interpretation of the term "registered."

Plaintiff contends that the nurses' aides are "registered" because they are "certified" by Helping Hands. Ms. Nancy Paola, co-administrator and care manager for Helping Hands, testified during deposition that the aides "have to meet *our criteria* for certification *that our agency establishes,* as well as attend a certification class." Paola Dep. at 4–5 (emphasis added).

In this case, the Helping Hands certification process does not involve the medical profession—physicians or a physicians' panel, for example. *See* Paola Dep. at 17–19. Nor is any state agency involved in the certification process. The disputed language of the Plan appears to refer to some sort of formal registration akin to state licensing or registration, not merely in-house certification. Accordingly, the court agrees with defendant's interpretation of the Plan language and finds that plaintiff should be denied recovery for the services of the nurses' aides.

In addition, the court finds it persuasive that plaintiff failed to elect and pay an additional amount for an optional plan that would have provided the services for which he now seeks recovery. Plaintiff has not refuted defendant's assertion that the insurance company offered a variety of plans. "[T]he MBWWA did not have to ... elect a single health plan. Instead[,] there were options available to each member company.

"As it relates to nursing services, two plans were available. The first plan, as elected by Anderson Distributing Company for its employees, including plaintiff, provided the [previously quoted] language regarding nursing services...." Defendant's Br. at 2. "The second option, an option chosen by other member companies of the [MBWWA] at additional cost, provided the following language as it related to nursing services:

If, as a result of bodily injury or sickness, an employee incurs expense for Home Health Care with respect to himself or one of his dependents while he is insured under this Benefit Provision in respect of the person requiring such care, the Company shall pay the reasonable and customary charges incurred by the employee for the following Home Health Care services and supplies when provided by a Home Health Care Provider and prescribed by a physician:

(1) Visits by a registered nurse or licensed practical nurse;

(2) Visits by a physical, occupational or speech therapist;

(3) Visits by a medical social worker;

(4) Visits by a home health care aide;

(5) The following services and supplies when provided by a hospital which is affiliated with the Home Health Care Provider:

(a) medical supplies;

(b) drugs and medicines;

(c) physical therapy."

Defendant's Br. at 2–3.

This second option, which was available for an additional charge, clearly provides coverage for the services of home health care aides, the services for which plaintiff seeks recovery. Because plaintiff neither opted for nor paid for this coverage, he cannot reap its benefits.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.