**Max W. PERRY, Plaintiff–Appellant,**

v.

**SIMPLICITY ENGINEERING, A DIVISION OF LUKENS GENERAL INDUSTRIES, INC., a Delaware corporation, Defendant–Appellee.**

No. 88–1915.

United States Court of Appeals,
Sixth Circuit

Argued Aug. 17, 1989.

Decided April 12, 1990.

Charles Gottlieb (argued), Joan Odorowski, Thomas R. Eckhardt, Gottlieb & Goren, Detroit, Mich., for plaintiff-appellant.

Michael A. Alaimo (argued), Lawrence Campbell, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant-appellee.

Before KEITH and MARTIN, Circuit Judges; and GIBBONS, District Judge.*

GIBBONS, District Judge.

Appellant Max W. Perry challenges the district court's grant of summary judgment to appellee Simplicity Engineering in this dispute over disability benefits covered by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* The appeal requires a determination of the nature of the *de novo* review contemplated by the United States Supreme Court decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

The pertinent facts are undisputed. Max W. Perry was first employed by Simplicity Engineering in 1973. For a number of years the employment relationship was a satisfactory one, and Perry performed well. In 1982 or 1983, when Perry was vice-president of manufacturing, Perry's performance began to deteriorate due to his abuse of alcohol. His performance grew worse during 1984, and he was hospitalized twice during that year for conditions associated with his alcohol abuse. Perry returned to work, however, and worked regularly until April 25, 1985. On that date, due to Perry's continually worsening performance, Simplicity terminated Perry. Although April 25 was Perry's last day at work, the letter of termination provided that Perry would be retained on the "active payroll" until July 31, 1985. The letter also said that "long term disability insurance coverages are covered through today, April 25, 1985."

Perry's continued alcohol abuse required his hospitalization again in January 1986.

On March 6, 1986, Perry requested a copy of Simplicity's disability plan. He later requested claim forms. Perry finally submitted the claim form for long term disability benefits on August 7, 1986.

Accompanying Perry's claim form were a July 22, 1986, social security award certificate determining that Perry had become disabled and eligible for social security benefits on January 3, 1986; a letter from a psychologist who had treated Perry from October 1984 through January 1986; and medical records concerning Perry's January 1986 hospitalization. Although Perry's claim form itself and his attorney's cover letter indicated that Perry was claiming he became disabled in October 1984, none of the materials submitted in support of the claim indicated a disability onset date of October 1984. In fact the only evidence concerning a date of disability was the social security award certificate, which found Perry was disabled as of January 3, 1986.

The pertinent parts of the company's disability plan state that insurance "is automatically cancelled on the date on which termination of employment occurs due to ... discharge." The plan provides that neither short-term nor long-term disability benefits are available unless the employee is "totally disabled." The employee must become totally disabled while he has coverage in order to receive any disability benefits. The plan defines total disability "as occurring when, among other things, the employee is not working at any job for wage or profit."

Wayne Mowery, manager of compensation and benefits for Lukens, Inc., parent of Simplicity, denied Perry's claim for disability benefits. In denying Perry's claim, Mowery performed his normal duties as plan administrator in administering Lukens' self-funded plan. Mowery concluded that Perry was not totally disabled while he had coverage. Mowery determined that, because Perry had worked regularly at his job with Simplicity until April 25, the date

---

* The Honorable Julia S. Gibbons, United States District Court for the Western District of Tennessee, sitting by designation.

his coverage ended, he was not totally disabled while he was covered within the meaning of the plan.

Perry then filed the instant case seeking review of the denial of disability benefits under 29 U.S.C. § 1132. The district court granted Simplicity's motion for summary judgment, concluding that Mowery was not arbitrary or capricious in his decision to deny benefits. Specifically, the district court found that Perry became disabled subsequent to his termination as an active employee on April 25, 1985. In connection with the motion, Perry presented evidence not presented to Mowery, including records of his inadequate performance and absences from work in 1984 and 1985 and hospital records from July 1984, October 1984 and February 1986 hospital stays.

Perry then asked the district court to reconsider its grant of summary judgment to Simplicity and submitted still more evidence not submitted to Mowery. This evidence consisted of the report of a vocational expert, Samuel Goldstein, concluding that Perry became disabled sometime between 1982 and April 25, 1985. Another report of a Dr. Janette D. Sherman, filed at the same time as the Goldstein report, gave no opinion of disability or onset date. The district court denied the motion to reconsider.

■ The district court reviewed Simplicity's decision to deny Perry's disability claim under an arbitrary and capricious standard.[1] Subsequent to the district court decision, the United States Supreme Court decided *Firestone Tire & Rubber Co. v.*

*Bruch,* 109 S.Ct. 948. In *Bruch* the court rejected use of the arbitrary and capricious standard in ERISA cases and held that a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) must be reviewed under a *de novo* standard unless the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms. 109 S.Ct. at 956. Only in those situations in which the administrator or fiduciary is given such discretionary authority is a deferential standard of review appropriate. Here it is undisputed that the administrator does not have discretionary authority.

■ *Bruch* dictates that the denial of benefits to Perry must be considered under a *de novo* standard.[2] Perry contends that this case should be remanded to the district court for this consideration. We disagree. Under the circumstances of this case remand would serve no purpose, and the necessary result under the *de novo* standard is the same as that reached by the district court. *Compare McMahan v. New England Mutual Life Ins. Co.,* 888 F.2d 426, 430-31 (6th Cir.1989) (remanding because record undeveloped) *with DeNobel v. Vitro Corp.,* 885 F.2d 1180, 1186 (4th Cir.1989) (the district court did not apply *Bruch,* but "[b]ecause we may do so here on a sufficiently developed record ... we think it not in the interests of justice to remand for reconsideration by the district court"). *See also Levin v. Mississippi River Fuel Corp.,* 386 U.S. 162, 170, 87 S.Ct. 927, 932,

---

1. Prior to *Bruch,* the standard of review in the Sixth Circuit in cases such as this was the arbitrary and capricious standard. *See. e.g., Crews v. Central States,* 788 F.2d 332, 337 (6th Cir. 1986).

2. This court has previously applied *Bruch* retroactively without discussion. *McMahan v. New England Mutual Life Ins. Co.,* 888 F.2d 426, 430-31 (6th Cir.1989). *See also Orozco v. United Airlines, Inc.,* 887 F.2d 949 (9th Cir.1989); *Bali v. Blue Cross and Blue Shield Ass'n,* 873 F.2d 1043 (7th Cir.1989); *Baxter v. Lynn,* 886 F.2d 182 (8th Cir.1989); *Burnham v. Guardian Life Ins. Co. of America,* 873 F.2d 486 (1st Cir.1989); *Guy v. Southeastern Iron Workers' Welfare Fund,* 877 F.2d 37 (11th Cir.1989); *Lowry v. Bankers Life and Casualty Retirement Plan,* 871

F.2d 522 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 152, 107 L.Ed.2d 111 (1989); *DeNobel v. Vitro Corp.,* 885 F.2d 1180 (4th Cir. 1989). Moreover, the Supreme Court has remanded several cases for reconsideration in light of *Bruch. See Adams v. Avco Corp.,* —— U.S. ——, 109 S.Ct. 3151, 104 L.Ed.2d 1015 (1989); *Combustion Engineering, Inc. v. Saporito,* —— U.S. ——, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989); *Degeare v. Slattery Group, Inc.,* —— U.S. ——, 109 S.Ct. 1305, 103 L.Ed.2d 575 (1989); *Rowe v. Allied Chemical Hourly Employees' Pension Plan,* —— U.S. ——, 109 S.Ct. 1306, 103 L.Ed.2d 576 (1989). This clearly indicates the Supreme Court's intention that *Bruch* be applied retroactively.

17 L.Ed.2d 834 (1967) (if the point is so clear that the court sees no occasion for remanding an issue, remand is not necessary).

■ Although the Supreme Court did not discuss the meaning of *de novo* review in *Bruch,* we believe that *Bruch* contemplates that the district court will review the administrator's decision *de novo,* that is without deference to the decision or any presumption of correctness, based on the record before the administrator. Thus, *Bruch* does not require district courts to hear and consider evidence not presented to the plan administrator in connection with a claim. This view is consistent with the proper judicial role in ERISA cases and precedent.

Prior to *Bruch,* this circuit's precedent limited the evidence considered by the federal court to that presented to the trustee at the time of its final decision. *Crews v. Central States,* 788 F.2d 332 (6th Cir.1986) (applying arbitrary and capricious standard). In *McMahan,* 888 F.2d at 431 n. 1, we determined that the precedent of *Crews* binds this court, even in light of *Bruch,* but we also observed that *Bruch's* rejection of the arbitrary and capricious standard might well make reconsideration of *Crews* appropriate. Careful reconsideration of *Crews,* however, yields a determination that the *de novo* review required by *Bruch* is a *de novo* review of the record before the administrator or fiduciary, and that the reasoning of *Crews* is still sound.[3]

When a court reviews a decision *de novo,* it simply decides whether or not it agrees with the decision under review. The term is used, however, to refer both to review of the decision below based only on the record below and to review based on the record below plus any additional evidence received by the reviewing court. *See* 2 S. Childress & M. Davis, *Standards of Review* § 15.2 (1986). The Supreme Court in *Bruch* did not indicate which meaning it had in mind.

In the ERISA context, the role of the reviewing federal court is to determine whether the administrator or fiduciary made a correct decision, applying a *de novo* standard. Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

The Eleventh Circuit in *Moon v. American Home Assurance Company,* 888 F.2d 86, 89 (11th Cir.1989), took a contrary view and held that the "contention that a court conducting a de novo review must examine only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of a de novo review." Yet *de novo* review of the record before the lower decisionmaker is one well-established meaning of *de novo.* For example, the United States Supreme Court, in interpreting the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), has approved *de novo* district court review of a magistrate's recommendation on motions to suppress in criminal cases based on the evidentiary record before the magistrate. *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). In describing this type of *de novo* review, the Supreme Court differentiated between *de novo* determination, in which the judge gives fresh consideration to issues determined by the magistrate, and a *de novo* hearing, at which the judge hears new or additional evidence. In our view *Bruch* does not contemplate a *de novo hearing,* but rather a *de novo* consideration of the proper interpretation of the plan and whether an employee is entitled to benefits under it.

---

**3.** *Cf. QuesTech v. Hartford Acc. & Indem. Co.,* 713 F.Supp. 956, 962 (E.D.Va.1989) (applying the Fourth Circuit's pre-*Bruch* precedent *Voliva v. Seafarers Pension Plan,* 858 F.2d 195, 196 (4th Cir.1988), and *Berry v. Ciba–Geigy Corp.,* 761

F.2d 1003, 1007 (4th Cir.1985), which limited review in the district court to the record before the administrator, to post-*Bruch de novo* review).

The *Moon* court also reasoned that ERISA should not be interpreted to give employees and their beneficiaries less protection than they had prior to its enactment, relying on the *Bruch* rejection of a deferential standard of review on that basis. *Moon*, 888 F.2d at 89. This court does not read *Bruch* so broadly. The Supreme Court in *Bruch* looked back at the position of employees and their beneficiaries prior to ERISA, when state law remedies were available to challenge benefit denials. 109 S.Ct. at 955. To a large extent those state law claims have been preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In view of the present limited availability of state law causes of action, the Court was unwilling to deprive employees and their beneficiaries of the opportunity to have a court review their claims without deference to the administrator's decision. *Bruch*, 109 S.Ct. at 956. The Court's reasoning cannot be extended, however, to support the conclusion of the Eleventh Circuit in *Moon*. Nothing in the language of *Bruch* supports such a conclusion. Moreover, the *Moon* reasoning overlooks the conflict between this conclusion and the overall ERISA scheme.

A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously *See* 1974 *U.S.Code Cong. & Admin.News* 4639, 5000. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.

Reviewing the plan administrator's decision to deny Perry benefits under the *de novo* standard, based on the record before the administrator, the administrator's decision was clearly correct. The administrator concluded that Perry did not qualify for benefits under the plan because he worked until April 25, 1985, the last day on which he had coverage. Thus, in the administrator's view, under the plan he was not totally disabled while he had coverage.

Perry, however, argues that he had coverage under the plan until his last date on the payroll, July 31, 1985. Perry was not working on this date. Assuming Perry's argument about the period of his coverage is correct, Perry's claim must fail nevertheless. Absolutely no evidence was submitted to the administrator indicating that Perry was totally disabled during the time he had coverage, as the plan requires, whether his coverage ended April 25 or July 31. The only evidence about a date of disability indicated that Perry was disabled as of January 3, 1986. Not until Perry asked the district court to reconsider its order granting summary judgment to Simplicity did he submit any evidence of disability during the time he had coverage.

Under these circumstances the district court's grant of summary judgment for Simplicity was correct; no other result was possible, even if the *de novo* standard of review had been utilized. The *de novo* standard of review, like the pre-*Bruch* arbitrary and capricious standard, does not mandate or permit the consideration of evidence not presented to the administrator. Remand to the district court would thus be a needless exercise. *The ruling of the district court is affirmed.*