ORDER GRANTING DEFENDANT’S MOTION FOR SUMMARY JUDGMENT
 

 INFANTE, United States Magistrate Judge.
 

 I.
 
 Introduction
 

 Plaintiff Janice James’ complaint alleges a claim for relief under the Employee Retirement Income Security Act (“ERISA”), 29 U.S.C. Sections 1001 and 1132(a)(1)(B). Plaintiff alleges that defendant Equicor Inc. improperly terminated benefits due her under an employee benefits plan established under ERISA. Equicor Inc. is the plan administrator. Presently before the court is Equicor’s motion for summary judgment.
 

 II.
 
 Background
 

 In 1962, plaintiff developed chronic mild lower back pain which was not severe or disabling. On October 4,1988, plaintiff fell in a non-work-related incident. This caused a recurrence of her back pain which radiated down the posterior aspect of her lower extremities, extending to her ankles. Plaintiff continues to complain of back pain and tightness.
 

 At the time of this injury, plaintiff was employed full time as a pre-school teacher at Syntex Corporation and was covered by Syntex’s employee medical plan, a plan established under ERISA. The plan provides permanent disability benefits for participants who become totally disabled during the term for which they are covered by the plan.
 
 [1]
 

 Pursuant to the terms of the plan, plaintiff was considered totally disabled for two years (October 1988 — September 1990) and received benefits of $842.53 per month, as well as paid group medical and life insurance. On September 25, 1990, Equicor informed plaintiff that her long term disability benefits were terminated based on the medical records and reports provided by her treating physicians, Dr. Tillim and Dr. Conley, both neurosurgeons. Equicor further informed plaintiff that under the terms of the plan she had 60 days to appeal the decision.
 

 On October 15, 1990, plaintiff informed Equicor that she wished to appeal its deci
 
 *806
 
 sion. Subsequently, plaintiffs husband requested that Equicor not proceed with the appeal until after they were able to (1) review the documents upon which Equicor relied in denying further benefits, and (2) submit additional medical evidence in support of her appeal. Equicor did nothing further to process the appeal.
 

 The next correspondence from plaintiff to Equicor was a letter dated December 27, 1990 from her attorney, Michael Kelly. On January 15, 1991 Equicor responded by sending Mr. Kelly copies of all “pertinent” medical information, and indicating that it would await the receipt of further medical evidence in support of plaintiff's appeal.
 

 On January 23, 1991 Equicor ordered an MNA Transferable Skills Evaluation. On March 8, 1991, in response to another letter from Mr. Kelly, Equicor informed him that it was still awaiting submission of plaintiffs additional medical evidence. On May 21, 1991, plaintiff submitted a further report of Dr. Tillim to Equicor. Thereafter, Dr. Bruce Raymond reviewed the entire claim file.
 

 On August 21, 1991 Equicor denied the appeal, but informed plaintiff that Equicor would keep the file open if plaintiff agreed to an independent medical exam (“IME”). Thereafter, plaintiff sent Equicor a document entitled “appeal”, but never took Equicor up on its offer to have an IME performed. Instead, plaintiff filed this lawsuit.
 

 III.
 
 Summary Judgment Standard
 

 Rule 56(c) F.R.Civ.P. provides that upon motion, summary judgment shall be rendered:
 

 if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to material fact and that the moving party is entitled to judgment as a matter of law.
 

 Summary judgment is appropriate where there is no genuine issue of material fact and the only dispute is as to pure legal questions.
 
 Smith v. Califano,
 
 597 F.2d 152 (9th Cir.1979). There is no genuine dispute unless a reasonable fact finder could return a verdict for the non-moving party.
 
 Anderson v. Liberty Lobby Inc., 477
 
 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
 

 The questions presented by this motion for summary judgment are (1) what is the standard by which the court reviews the ERISA plan administrator’s decision?, (2) regardless of the standard applied, does the court review only the record which the plan administrator had before it at the time the final decision to terminate plaintiffs long-term disability benefits was made, or may the court look outside the record at new or additional evidence when reviewing the administrator’s decision to terminate benefits?, and (3) Under the proper standard, was the administrator’s decision correct?
 

 The first two questions are purely legal ones. Furthermore, since plaintiff’s jury demand was stricken from the complaint, if the court determines that no new or additional evidence should be considered and that it has the entire record before it upon which the administrator based its final decision to terminate plaintiff’s benefits, then this case can properly be disposed of by means of summary judgment.
 

 IV.
 
 Discussion
 

 A. Standard of review
 

 ERISA does not specify a standard of review to be used by the district courts in evaluating benefit denials by ERISA plan administrators. In
 
 Firestone Tire and Rubber Company v. Bruch,
 
 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) the Supreme Court held:
 

 A denial of benefits challenged under Section 1132(a)(1)(B) [of ERISA] is to be reviewed under a
 
 de novo
 
 standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.
 
 Id.
 
 at 115, 109 S.Ct. at 956.
 

 If an ERISA plan gives the administrator such discretionary authority, then the administrator’s decision is reviewed under an arbitrary and capricious standard.
 
 Id.
 
 at 115, 109 S.Ct. at 956. The Syntex plan did
 
 *807
 
 not give the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan.
 

 Equicor contends that the holding in
 
 Bruch
 
 is limited to cases in which the court reviews an administrator’s interpretation of plan terms. Equicor asserts that its determination that plaintiff is not totally disabled under the terms of plan is a factual determination (as opposed to an interpretation of plan terms) and as such should be reviewed only for an abuse of discretion.
 

 The circuit courts which have addressed this issue are split as to whether the
 
 de novo
 
 standard announced in
 
 Bruch
 
 should be applied to review of factual determinations by plan administrators. The third, fourth, sixth, and seventh circuits have adopted the view that
 
 Bruch
 
 controls and the administrator’s determination of factual questions should be reviewed
 
 de novo.
 

 [2]
 

 The Court’s reasoning in
 
 Bruch
 
 supports application of the
 
 de novo
 
 standard to a plan administrator’s factual determinations. First, the Court explicitly stated that a deferential standard of review is improper where there is “no evidence that under the plan the administrator has the power to construe uncertain terms
 
 or
 
 that eligibility determinations are to be given deference.”
 
 Bruch,
 
 489 U.S. at 111, 109 S.Ct. at 954. [emphasis added] Second, the Court found that to adopt the arbitrary and capricious standard would afford less protection to employees and their beneficiaries than they enjoyed before ERISA was enacted, and thus would impede the goals Congress intended when enacting ERISA.
 
 Id
 
 at 114, 109 S.Ct. at 956. Finally, the Court found that the threat of increased litigation was not sufficient to outweigh the reasons for adopting a
 
 de novo
 
 standard.
 
 Id
 
 at 115, 109 S.Ct. at 956. This reasoning is sound and fully applicable here. Thus, the court must review Equi-cor’s decision to terminate Ms. James’ benefits
 
 de novo.
 

 B. Scope of review
 

 When Equicor terminated plaintiff’s benefits in September of 1990, it invited her to submit additional objective evidence if she wished to appeal the decision. Nearly one year later, having received Dr. Tillim’s May 21, 1991 re-evaluation, Equicor made its final decision to terminate plaintiff’s benefits. Plaintiff now urges the court to deny defendant’s motion for summary judgment and allow her to conduct discovery to determine whether Equicor conducted a full and fair review of her claim.
 

 In
 
 Bruch,
 
 the Court did not discuss whether the district court’s
 
 de novo
 
 review of the administrator’s denial of benefits should be limited to the record which was before the administrator at the time of the administrator’s final decision, or should extend to new or additional evidence which the plaintiff presents to the court. Again, there is a lack of consensus among the circuit courts which have addressed this issue.
 

 The sixth circuit holds that the review must be limited to the record before the administrator at the time of decision.
 
 Miller v. Metropolitan Life Ins. Co.,
 
 925 F.2d 979, 986 (6th Cir.1991);
 
 Perry v. Simplicity Engineering, Div. of Lukens General Industries Inc.,
 
 900 F.2d 963, 967 (6th Cir.1990);
 
 see also, Wildbur v. Atlantic Richfield Retirement Plan,
 
 765 F.Supp. 891, 895 (W.D.La.1991). In
 
 Perry,
 
 the court reasoned that if the district courts considered evidence not presented to plan
 
 *808
 
 administrators they would function as substitute administrators, a result which Congress did not intend, and would frustrate the goal of “prompt resolution of claims by the fiduciary under the ERISA scheme.”
 
 Perry,
 
 at 966. The goal of the district court is not to function as plan administrator, but to determine whether the administrator made a correct decision.
 
 Id.
 
 at 966.
 

 The eleventh circuit, in
 
 Moon v. American Home Assur. Co.,
 
 888 F.2d 86 (11th Cir.1989), held that the “contention that a court conducting a
 
 de novo
 
 review must examine only such facts as were available to the administrator at the time of the benefit denial is contrary to the concept of a
 
 de novo
 
 review.”
 
 Id.
 
 at 89. In
 
 Luby v. Teamsters Health, Welfare & Pen Tr. Funds,
 
 944 F.2d 1176 (3d Cir.1991), a well analyzed
 
 post-Bruch
 
 ERISA decisions, the third circuit held that the district court’s review of an ERISA administrator’s benefit decision is not limited to the evidence before the fund’s administrator.
 
 Id.
 
 at 1184-1185. However, the court also stated that “if the record on review is sufficiently developed, the district court
 
 may,
 
 in its discretion, merely conduct a
 
 de novo
 
 review of the record of the administrator’s decision, making its own independent benefit determination.”
 
 Id.
 
 at 1185. [emphasis added]
 

 Consistent with the sixth circuit’s reasoning in
 
 Perry
 
 and the discretionary standard set out by the third circuit in
 
 Luby,
 
 the review of a denial of benefits under an ERISA plan should be limited to the record which was before the administrator where that record is sufficiently developed.
 

 C. De Novo Review of The Plan Administrator’" Record
 

 The administrator’s record in the instant case is well developed. On August 20, 1991, when Equicor made its final decision to deny plaintiff’s claim for continued long term disability benefits, it had before it medical evaluations submitted by Dr. Til-lim, Dr. Conley, and Dr. Raymond. Included therein is the May 21,1991 report of Dr. Tillim, submitted on behalf of plaintiff’s appeal to Equicor after Equicor made its initial decision to terminate benefits, but before its final decision was made. It also had before it the MNA transferable skills report prepared by the outside consultant.
 

 On January 31, 1990 Dr. Tillim, plaintiff’s treating physician, reported to Equi-cor that plaintiff was capable of sedentary work. Specifically, he concluded that plaintiff was capable of lifting and or carrying articles weighing a maximum of ten pounds and walking and standing on occasion. At that time plaintiff was still within the initial two year period of disability and was therefore only required to meet the “easy” test for disability as set forth in the plan.
 
 (See,
 
 fn. 1
 
 supra).
 

 In August 1990 Equicor requested the records of Dr. Conley, another of plaintiff’s treating physicians, and reviewed those records on September 8, 1990. Since plaintiff was then entering her third year of disability, she was required to satisfy the “hard” test.
 
 (See,
 
 fn. 1
 
 supra).
 
 Dr. Conley reported that Ms. James could sit for a total of six hours per day, stand or walk for a total of two hours per day, and engage in any of those activities for one-half hour at a time. Dr. Conley concluded that Ms. James was capable of light work, could lift 20 pounds, carry 10-pound articles frequently, and perform most jobs involving sitting with a degree of pushing and pulling. Thereafter, by letter dated October 15, 1990 (a copy of which was sent to Equicor), Dr. Conley informed Ms. James:
 

 When I last saw you I felt you were still having some problems but that your problems were not of significant magnitude to keep you from being involved in some type of gainful employment. I do believe that you will have permanent restrictions of not lifting greater than 25 pounds, not doing repetitive bending, and not being able to stay in a fixed position for a prolonged period of time. These restrictions may well keep you from returning to work in your previous occupation, caring for children. I have a number of patients with back problems similar to yours who do manage day care type of work, but they do it carefully and
 
 *809
 
 with mindful observation of their back problems.
 

 In addition, Equicor considered the MNA transferrable skills report prepared by an outside consultant. The consultant concluded that, based on plaintiffs employment history, education, transferable skills, and medical restrictions and limitations, she could obtain full time employment in the child care field. In fact, the consultant stated that three out of five currently advertising child care employers were willing to hire a person with plaintiff’s qualifications and limitations. The consultant also concluded that plaintiff was suited for positions as a medical office receptionist, a medical office records clerk, a weight loss clinic counselor, or a travel agent, with little or no new training.
 

 Equicor also considered the May 21, 1991 report of Dr. Tillim, submitted by plaintiff during the process of appealing Equicor’s termination of benefits. Dr. Tillim stated:
 

 It is my impression that she is unable to perform full-time sedentary work. She can probably perform work up to four hours per day in an atmosphere which would allow her to change position from sitting to standing and would not involve lifting of items more than five pounds.
 

 Upon receipt of Dr. Tillim’s new report, Dr. Bruce Raymond reviewed the file at Equicor’s request. Dr. Raymond stated:
 

 I believe the claimant is capable of sedentary/light work on a full time basis if she is allowed to walk or stand for brief periods through the workday. In view of Dr. Tillim’s statement to the contrary an IME by an orthopedic or neurosurgeon may be an attractive option.
 

 Having considered these reports, Equicor denied plaintiff’s appeal but offered to keep the file open if plaintiff agreed to an IME, which plaintiff did not do.
 

 Reviewing the plan administrator’s well developed record
 
 de novo,
 
 the court finds that the administrator was clearly correct in determining that plaintiff is not totally disabled as that term is expressly defined by the Syntex plan.
 
 [3]
 
 Plaintiff is capable of sedentary or light work on a full-time basis in her previous occupation and others closely related to it. Therefore, the administrator was correct in concluding that she was not unable to do any work for compensation or gain for which she was, or could become, reasonably fitted by learning or experience.
 

 V.
 
 Conclusion
 

 Having reviewed Equicor’s decision to terminate plaintiff’s benefits
 
 de novo,
 
 the court finds that plaintiff is not totally disabled under the terms of the Syntex plan. Accordingly, defendant’s motion for summary judgment is GRANTED.
 
 [4]
 

 IT IS SO ORDERED.
 

 [1]
 

 . The plan defines total disability as: “You are ‘totally disabled’ if you are unable during the first two years of a period of disability to do all the duties pertaining to your work. For the rest of the period you must not be able to do any work for compensation or gain for which you are, or could become, reasonably fitted by learning or experience.” The first sentence of this paragraph sets forth the "easy” test for disability. The second sentence sets forth the "hard” test.
 

 [2]
 

 .
 
 See, Luby v. Teamsters Health Welfare & Pension Trust Funds,
 
 944 F.2d 1176, 1182 (3d Cir.1991);
 
 De Nobel v. Vitro Corp.,
 
 885 F.2d 1180 (4th Cir.1989),
 
 Reinking v. Philadelphia American Life Ins. Co.,
 
 910 F.2d 1210, 1213-1214 (4th Cir.1990);
 
 de novo
 
 standard announced in
 
 Bruch
 
 applies both to the interpretation of policy terms and to factual determinations necessary for the administrator to determine eligibility for benefits;
 
 Brown v. Ampco-Pittsburgh Corp.,
 
 876 F.2d 546, 551 (6th Cir.1989), case remanded to the district court for
 
 de novo
 
 review of administrator’s determination that plan adopted in 1986 superseded earlier plan and therefore applied to plaintiffs;
 
 Petrilli v. Drechsel,
 
 910 F.2d 1441, 1446 (7th Cir.1990) found district court’s reading of
 
 Bruch
 
 as applicable to review of factual determination plausible, but reserved decision on that question.
 
 Compare, Pierre v. Conn. Gen. Life Ins. Co.,
 
 932 F.2d 1552 (5th Cir.1991).
 

 [3]
 

 . Plaintiffs argument that the plan’s definition is ambiguous and should therefore be interpreted as it was in
 
 Moore v. American United Life Insurance Company,
 
 150 Cal.App.3d 610, 618, 197 Cal.Rptr. 878 (1984) is without merit. The definition of “total disability" in the Syntex plan is not ambiguous, and thus must be interpreted as defined by the plan.
 

 [4]
 

 . The parties have consented that all proceedings in the above entitled case may be heard and finally adjudicated by the assigned magistrate judge, pursuant to Rule 73, F.R.Civ.P. and 28 U.S.C. Section 636(c).