41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles W. SHOCKLEY, Plaintiff-Appellee,
v.
UNITED MINE WORKERS OF AMERICA, Defendant-Appellant.
 No. 93-4091.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 Before: KEITH, WELLFORD and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Charles W. Shockley ("Shockley") appeals the summary judgment and denial of his Employee Retirement Income Security Act ("ERISA") of 1974 action for pension benefits. For the reasons stated below we REVERSE the decision of the United States District Court for the Northern District Court of Ohio and ORDER the payment of pension benefits under United Mine Workers of America's ("UMWA") 1974 Pension Plan and Trust ("1974 Plan").
 
 I. Statement of the Facts
 
 2
 Shockley is a 59-year old former coal miner, who worked as a classified employee[1] in the bituminous coal industry at various times from 1956 to 1976. During his twenty years of service in the coal industry, Shockley worked as a classified employee for a number of different coal mining companies. The last company in the coal industry he was employed by was Consolidated Coal Company, ("Consolidated Coal").
 
 
 3
 On August 4, 1989, Shockley filed an application for pension benefits from two UMWA collectively-bargained employee benefit trust funds, the 1950 Pension Plan and Trust, ("1950 Plan") and the 1974 Plan. Both plans were established pursuant to Article XX of the National Bituminous Coal Wage Agreement and are two of five employee benefit trust funds collectively referred to as the UMWA Health and Retirement Funds ("the Funds"). Under each plan, the trustees determine an applicant's eligibility to receive a pension.
 
 
 4
 In order to qualify for the 1950 Plan an applicant must have met the following requirements: 1) reached the age of 55; 2) last day of credited service before December 31, 1975; and 3) twenty years of classified service, including the required five years of signatory service after May 28, 1946, or ten years of signatory service[2], including at least three years of signatory service after December 31, 1970.
 
 
 5
 To qualify for the 1974 plan an applicant must have met the following requirements: 1) reached the age 55; 2) last day of credited service must be on or after December 31, 1975; and 3) ten years of signatory service or twenty years of credited service.
 
 
 6
 Applicants must provide proper documentation to prove they meet these eligibility requirements. The Social Security Itemized Statement of Earnings ("Wage Record") is used to aid in determining an applicant's eligibility to receive pension benefits. This document shows how much an individual makes in wages for each quarter and each year. The wage record also indicates which employer made the payment. Shockley's Wage Record shows he received payment for employment in the bituminous coal industry from 1956 through the first quarter of 1976. However, his Wage Record does not provide any information as to what type of work Shockley performed to receive payment in January 1976.
 
 
 7
 Because Shockley did not have the required three years of signatory service after 1970, he was denied pension benefits under the 1950 Plan. Shockley did not question this ruling.
 
 
 8
 The 1974 Plan administrators determined Shockley was not eligible to receive benefits from the 1974 Plan, because Consolidated Coal's records indicated Shockley was dismissed on December 13, 1975. Shockley claims his last day of credited service with Consolidated Coal was in January 1976, when he was called back to work, for a short time, as a roof bolter. Shockley asserts he meets all the requirements of the 1974 Plan and is therefore eligible to receive benefits from the 1974 Plan.
 
 
 9
 Following the original denial of pension benefits by the Trustees of the 1974 Plan, Shockley requested a hearing on the denial of his pension benefits. During a pre-hearing conference the Trustees of the 1974 Plan requested Shockley provide additional information that would aid them in establishing his eligibility for pension benefits under the 1974 Plan. The Trustees of the 1974 Plan requested Shockley provide them something beyond his Wage Report to verify his 1976 employment by Consolidated Coal. At his hearing, on July 12, 1990, Shockley testified he had been called back to work at Consolidated Coal as a roof bolter for a day or two during January 1976. Aside from his testimony and his Wage Record, Shockley could not provide any other corroborating evidence to prove he had been employed by Consolidated Coal during 1976. The hearing panel of the Trustees for the 1974 Plan affirmed the original denial of Shockley's 1974 Plan pension benefits.
 
 
 10
 Having exhausted all his administrative remedies, Shockley filed suit in the United States District Court for the Northern District of Ohio alleging the Trustees of the 1974 Plan had arbitrarily and capriciously denied his application for benefits under the 1974 Plan. On December 13, 1991 Shockley filed a Motion for Summary Judgment. On January 21, 1992 the 1974 Plan filed a Cross-Motion for Summary Judgement, which the district court granted. The district court found the Trustees of the 1974 Plan made a "reasonable determination based on the available evidence that Shockley was ineligible for pension benefits [under the 1974 plan]."
 
 
 11
 This timely appeal followed.
 
 II. Discussion
 A. Standard of Review
 
 12
 This court reviews de novo the district court's decision to grant the 1974 Plan's Motion for Summary Judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). By reviewing the issues of this case de novo this court is free to draw its own inferences and legal conclusions, based on the record below and any additional evidence received during the appeal. Perry v. Simplicity Engineering, Div. of Lukens General Industries, Inc., 900 F.2d 963, 966 (6th Cir.1990).
 
 
 13
 B. The District Court Did Not Err in Reviewing the Trustee's
 
 
 14
 decision for Abuse of Discretion
 
 
 15
 Shockley argues on appeal that the district court erred in applying an abuse of discretion review to the Trustees decision to deny Shockley his pension benefits. The standard of review for a decision to deny pension benefits will receive de novo review, unless the pension plan allows for a more deferential standard of review. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Baker v. United Mine Workers Health & Retirement Funds, 929 F.2d 1140, 1144 (6th Cir.1991). When a benefit plan gives the administrator the authority to determine an applicant's eligibility to receive benefits, abuse of discretion review is applied. Id. This is the case when a pension plan gives administrators the power to decide "all questions arising out of and relating to ... the pension rules." Wells v. United States Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1248 (6th Cir.1991).
 
 
 16
 The district court determined a more deferential standard should be applied by examining Article VIII of the 1974 Plan. This section of the 1974 Plan states the Plan's Trustees "shall have full and final determination as to all issues concerning eligibility for benefits." This statement meets the Firestone and Baker requirements for applying the abuse of discretion standard. Firestone, 489 U.S. at 115; Baker, 929 F.2d 1144. The district court did not err when it applied a more deferential standard of review to the denial of Shockley's pension benefits.
 
 C. Denial of Shockley's 1974 Plan Benefits
 
 17
 Shockley argues that the district court erred when it granted the 1974 Plan's motion for summary judgment. The Trustees for the 1974 Plan argue Shockley's Wage Record is not sufficient proof Shockley was eligible to receive pension benefits under the 1974 Plan.
 
 
 18
 When applying the abuse of discretion standard of review to the denial of pension benefits, the decision to deny Shockley's pension benefits will be upheld if it is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Baker 929 F.2d at 1144 (emphasis added).
 
 
 19
 In Baker, the plaintiff submitted various affidavits to the Trustees of the 1950 Plan to prove he was qualified to receive pension benefits under the plan. However, the plaintiff failed to submit a Wage Record as part of his application and the plaintiff's application was held to be insufficient to accurately prove his employment history. The Baker court stated that if the trustees of pension plans were to rely merely on the word of the worker for their employment history they would face an "avalanche of spurious claims." Id. at 1146. To avoid such situations, the Baker court indicated an applicant's Wage Record supplies the required substantial evidence to prove when and where an applicant was employed. Id. The Baker court determined the Trustees did not abuse their discretion in denying benefits to the plaintiff because the plaintiff failed to provide reliable documentation of his employment history. Id. at 1146-47.
 
 
 20
 Shockley produced his Wage Record for the Trustees of the 1974 Plan. This record showed he was employed by Consolidated Coal during the first quarter of 1976. In addition to his wage record Shockley testified he was employed by Consolidated Coal in 1976. This according to the 1974 Plan Administrators and the district court, was not enough to establish Shockley's employment by Consolidated Coal in 1976. They requested, from Shockley further proof in the form of affidavits from co-workers or verification from Consolidated Coal. When Shockley could not obtain the requested information, the Trustees of the 1974 Plan denied Shockley his pension benefits.
 
 
 21
 The Trustees for the 1974 Plan denied Shockley's pension benefit claim because they felt using his Wage Record alone would be akin to relying on pure speculation. We disagree. This court has held the evidence provided in an employee's Wage Record constitutes substantial evidence of employment. Baker, 929 F.2d at 1146. In addition Social Security Administration records reflect that Shockley received "earnings" in 1976. Therefore, we find the district court abused its discretion by denying Shockley his pension benefits under the 1974 Plan.
 
 III. Conclusion
 
 22
 For the reasons stated above we REVERSE the district court's decision to grant summary judgment in favor of the Trustees for the 1974 Plan and ORDER the payment of pension benefits to Shockley under the 1974 Plan.
 
 
 
 [1]
 Classified employment is defined under the 1974 Plan as: "a job that is considered bargaining unit work under the coal wage agreement in effect when the work is performed."
 
 
 [2]
 Signatory service is defined by the 1974 Plan as: "[w]ork in a classified job for a signatory employer." A signatory employer is an employer who contributes money to the 1974 Plan