**Barbara GOAD, Plaintiff–Appellant,**

v.

**LOCKHEED MARTIN ENERGY SYSTEMS, INC.; Metropolitan Life Insurance Co., Defendants–Appellees.**

**No. 99–6615.**

United States Court of Appeals, Sixth Circuit.

May 2, 2001.

Before COLE and JONES, Circuit Judges; and NUGENT, District Judge .*

OPINION

NUGENT, District Judge.

Appellant Barbara Goad brought this action in the United States District Court for the Eastern District of Tennessee against Appellees Lockheed Martin Energy Systems, Inc. ("Energy Systems") and Metropolitan Life Insurance Co. ("Met-Life"), seeking reinstatement of her long term disability ("LTD") benefits under a plan regulated by the provisions of the

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Upon cross-motions for summary judgment, the district court entered judgment in favor of Energy Systems and MetLife, finding that Ms. Goad was not entitled to reinstatement of the LTD benefits. Ms. Goad now appeals the judgment of district court on the grounds that MetLife was operating under a conflict of interest, the claim determination was not supported by substantial evidence in the administrative record, and the termination letter was procedurally deficient. For the reasons that follow, we AFFIRM the decision of the district court in all respects.

## I. BACKGROUND

The district court's memorandum and order provides a thorough explanation of the facts involved in the instant matter. Finding no need for repetition here, this Court provides only a general summary of the facts involved in this case. Appellee Energy Systems maintains a self-funded welfare benefit plan (the "Plan") governed by ERISA. MetLife acts as the administrator of the Plan. As an employee of Energy Systems, Appellant Goad was eligible for short term disability ("STD") benefits and LTD benefits. Appellant Goad injured her lower back outside of her employment in March of 1990, which resulted in two back surgeries. By June of 1991, Ms. Goad was placed on STD benefits. Thereafter, she applied for, and was granted, LTD benefits.

Under the Plan, LTD benefits are extended in two phases. The first phase lasts for a minimum of 24 months. In order to qualify for the first phase of LTD benefits, Ms. Goad was required to demonstrate that she was unable to perform the duties of her regular job. In order to qualify for the second phase of LTD benefits, MetLife was required to determine that Appellant Goad was disabled from performing any job. After being approved for the second phase of LTD benefits, Energy Systems terminated Ms. Goad's employment, while continuing to give her 60% of her salary.

During the time that Ms. Goad was receiving LTD benefits, she was examined by numerous doctors. Dr. Alan Weems, the treating physician who performed Ms. Goad's operations, found her to be totally disabled in several of his initial evaluations. In latter evaluations, however, Dr. Weems indicated that, while Appellant Goad could not perform her regular job, she could possibly perform other jobs. Another medical examiner, Dr. Kevin Bailey, made the overall determination that Ms. Goad's condition reflected a "normal neuromuscular exam, 'mildly decreased' lumbar flexibility and 'seven percent impairment to the body as a whole.'" J.A. at 12.

Pursuant to the Plan, in 1992, Appellant Goad applied for, but was denied, supplemental security income benefits from the Social Security Administration based upon the determination that she was not totally disabled. In July of 1994, a rehabilitation coordinator, Janet Walsh, examined Ms. Goad and determined that she was capable of performing certain jobs. Another examiner, Dr. Dennis Allen, found that Appellant Goad was not disabled and recommended that her LTD benefits be terminated. Based upon the foregoing, MetLife terminated Appellant Goad's LTD benefits on March 1, 1995. After the termination of her LTD benefits, Dr. Weems sent a letter to MetLife which changed his most recent position, stating that Ms. Goad was, in fact, totally disabled. In addition, he sent another evaluation of Appellant Goad to MetLife in late May of 1995, stating that he could not determine

if she was totally disabled from any occupation.

In response to the termination of her LTD benefits, Ms. Goad requested an additional review of her medical condition. Dr. Robert Petrie conducted an examination of Appellant Goad's condition and twice concluded that she was not totally disabled. After one additional review of its decision, MetLife ultimately upheld its initial determination that Ms. Goad was no longer entitled to LTD benefits as of March 1, 1995. As a result, Appellant Goad filed the instant lawsuit, in which she seeks reinstatement of her LTD benefits.

Upon cross-motions for summary judgment, the district court granted judgment in favor of Appellees Energy Systems and MetLife. In reaching this conclusion, the district court determined that, despite Ms. Goad's insistence to the contrary, MetLife enjoyed independence and was not operating under a conflict of interest in determining her eligibility for benefits. Furthermore, applying the arbitrary and capricious standard of review, the district court concluded that the administrative record disclosed sufficient information to support MetLife's decision to terminate Appellant Goad's LTD benefits.

## II. STANDARD OF REVIEW

■ The instant dispute concerns the determination of benefits under a Plan governed by ERISA. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court considered what standard of review is appropriate when a plaintiff challenges a benefits determination. In addressing this issue, the Supreme Court held that challenges to a plan administrator's decision must be reviewed *de novo*. *Bruch*, 489 U.S. at 113–14, 109 S.Ct. 948. The Supreme Court also provided, however, an exception to the *de novo* standard of

review in certain cases. *See Perry v. Simplicity Engineering*, 900 F.2d 963, 964 (6th Cir.1990) (citing *Bruch*, 489 U.S. at 114, 109 S.Ct. 948). In particular, the Supreme Court stated that if "the benefit plan expressly gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms," then the court shall review the plan administrator's decision under the arbitrary and capricious standard. *Id.; see also Borda v. Hardy, Lewis, Pollard & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir.1998) (citing *Bruch* and, thus, finding that the court properly applied the arbitrary and capricious standard of review when the benefit plan at issue contained a broad grant of discretionary authority to the plan administrator).

■ Under the arbitrary and capricious standard, determinations made by the plan administrator must be upheld if they are deemed to be rational in light of the plan's provisions. *Borda*, 138 F.3d at 1065. Furthermore, the arbitrary and capricious standard is the least demanding review of an administrative action. *See Davis v. Kentucky Fin. Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir.1989). Therefore, when it is possible to offer a reasoned explanation for a plan administrator's decision based upon the evidence, that decision is not arbitrary and capricious. *See id.*

In the instant case, there is no dispute that the Plan expressly grants MetLife wide-ranging authority to determine eligibility for benefits or to construe the Plan's terms. As such, the arbitrary and capricious standard is applicable to this matter.

## III. DISCUSSION

On appeal, Ms. Goad first insists that the district court should not have afforded MetLife's claim determination full deference because MetLife was operating under

a conflict of interest in making the decision. In particular, Appellant Goad asserts that a conflict of interest exists between employers who pay the benefits, in this case Energy Systems, and companies hired by those employers to administer the Plan, such as MetLife. Ms. Goad explains that this conflict of interest arises because MetLife, which is paid by Energy Systems, must obtain the judgment of Energy Systems before making its benefit determinations. In light of this alleged conflict of interest, Appellant Goad argues that the district court should have given deference to the treating physician, rather than to the doctors who had an on-going relationship with MetLife, such as Dr. Petrie.

In considering this argument, the district court concluded that MetLife was not operating under a conflict of interest because it had no financial incentive to deny the claims, as it was not the entity responsible for paying the granted claims under the Plan. Moreover, the record reflects that Ms. Goad's treating physician, to whom she suggests the district court should have afforded substantial deference, was in agreement at one point in finding that her condition did not prohibit any and all occupations. Given the substantial medical evidence in the administrative record that tends to demonstrate that Appellant Goad was not totally disabled, and thus not entitled to continued LTD benefits, the district court did not act unreasonably in finding that MetLife's determination was appropriate under the circumstances.

In addition, Ms. Goad insists that the district court incorrectly entered judgment in favor of Appellees because MetLife's claim determination was unreasonable and not supported by substantial evidence in the record. This Court finds Appellant Goad's argument in this regard to be without merit. In holding that the claim determination was reasonable, the district court made the following findings:

> Weems, Goad's treating physician indicated, in his January 14, 1995 evaluation, she was not disabled for "any" occupation. Bailey, the independent medical examiner, indicated that Goad had "functional average range of motion in the cervical spine and bilateral extremities and does relatively well." He also concluded her neuromuscular exam was "normal," and her overall bodily impairment was only "seven percent." The SSA denied Goad's claim for LTD as early as 1992, concluding she did not fit the SSA definition of "totally disabled," a definition whose criteria closely resemble the criteria used under the Plan. Walsh, the rehabilitation coordinator, performed a vocational assessment using data provided by Weems and Hyde, another independent examiner, and identified three jobs for which Goad was qualified and could perform with her restrictions. Finally, before its denial of benefits, MetLife solicited the opinion of Allen, an independent medical examiner, who after reviewing the vocational assessment and information provided by Weems, determined Goad was not disabled from any and all occupations.

J.A. at 18–19. Based upon this information, the district court properly determined that MetLife could reasonably conclude that Ms. Goad's medical condition had improved to the point where she was no longer disabled from any and all occupations. The district court acknowledged, as we do here, that although Dr. Weems appeared to retreat from his medical opinion concerning Ms. Goad's capabilities once he learned that she was no longer entitled to LTD benefits, in light of all of the other evidence, including the recommendations of Dr. Petrie, MetLife reasonably conclud-

ed that Ms. Goad was not disabled from any and all occupations.

Under the arbitrary and capricious standard, MetLife's benefit determinations must be upheld if they are deemed to be rational in light of the Plan's provisions. Given that the arbitrary and capricious standard is the least demanding review of an administrative action, we find that Appellees offer a reasoned explanation for MetLife's decision based upon the evidence. As such, we affirm the district court's determination that the decision by MetLife was not arbitrary and capricious.

Finally, Appellant Goad raises an argument concerning alleged procedural deficiencies in the termination letter. She insists that the letter was deficient because it neglected to inform her as to the actual basis for her termination and misstated physician reports upon which the termination was apparently based. Because this issue was raised by Ms. Goad for the first time on appeal, this Court declines to consider the argument for reversal of the lower court on this basis. *See Harshbarger v. Pees*, 66 F.3d 775, 777 n. 3 (6th Cir.1995).

## IV. CONCLUSION

For the reasons stated herein, we AFFIRM the decision of the district court in all respects. In particular, this Court holds that district court properly determined that MetLife was not operating under a conflict of interest in reviewing Ms. Goad's claim. Furthermore, the district court did not err in finding that MetLife's claim determination was supported by substantial evidence in the administrative record. Finally, because Appellant Goad raises the issue for the first time on appeal, this Court shall not consider whether the

termination letter was procedurally deficient in this instance.