**Mati LEEAL, Plaintiff–Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant–Appellee.**

**No. 00–1194.**

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

Before SUHRHEINRICH, SILER, Circuit Judges, and HOOD,* District Judge.

PER CURIAM.

Plaintiff Matti Leeal appeals the district court's order of judgment in favor of Defendant Continental Casualty Company. Plaintiff was denied disability benefits on the ground that he was not disabled by alleged vision loss and sought court review under ERISA. In granting judgment for Defendant, the district court used the deferential arbitrary and capricious standard of review. Plaintiff argues only that the district court used the wrong standard of review, insisting that the court should have reviewed his claim *de novo*.

Plaintiff was a clinical perfusionist and operated equipment used during open-heart surgery. The position had specific vision requirements. In August 1997, Plaintiff allegedly woke from a nap to discover severe vision loss. He sought treatment from various doctors who found Plaintiff had some vision loss, particularly in his right eye, but none of the doctors could determine the cause of vision loss after extensive testing.

An independent medical examiner (IME) determined Plaintiff had $20/20$ vision in his left eye, $20/40$ vision in his right eye, and that Plaintiff was malingering. Continental sent the IME's letter to one of

---

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Plaintiff's treating eye specialists and asked the doctor to review it to determine whether Plaintiff could return to his job. This doctor responded that Plaintiff could return to work. Continental then notified Plaintiff that it would cease disability payments. Plaintiff sought review. When Continental upheld its decision, the instant suit followed.

■■■ We review *de novo* a district court's determination regarding the proper standard to apply in reviewing cases such as this. *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir.1996). When reviewing a "plan administrator's denial of benefits, both the district court, and this court review *de novo* the plan administrator's denial of ERISA benefits, unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir.1998). The grant of discretionary authority must be clear in order for the deferential arbitrary and capricious standard to apply. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir.1998) (en banc).

Plaintiff specifically argues the plan's "due written proof" language is insufficient to confer discretion, so that the court should have conducted a *de novo* review. However, Plaintiff concedes on appeal that the decision should be upheld under an arbitrary and capricious standard of review.

■■■ Here, the district court relied on the plan language about written proof of loss, time payment of claim, and particularly the phrase "due written proof of loss." The court concluded this phrase was similar to language in other cases where discretionary authority was found to have been conferred. It further noted that cases supported findings of a grant of discretion with the word "proof" alone on

the ground that it is a legal term of art which implicitly assumes a plan administrator will need to judge the evidence submitted by a claimant for its adequacy. J.A. 279 (citing *Bollenbacher v. Helena Chem. Co.*, 926 F.Supp. 781, 786 (N.D.Ind. 1996), and noting it was relied on by this court in *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550 (6th Cir.1998) (en banc)).

After carefully reviewing the parties' briefs and hearing their oral argument, we AFFIRM for the reasons more fully articulated by the district court in its order dated January 25, 2000.