**Brinon K. CORNISH, Executor of the Estate of Donna Mae Cornish, et al., Plaintiffs**

v.

**UNITED STATES LIFE INSURANCE COMPANY in the City of New York, et al., Defendants.**

**Civil Action No. 3:06–CV344–DW.**

United States District Court,
W.D. Kentucky,
at Louisville.

June 4, 2009.

Douglas H. Morris, Lea A. Player, Morris & Player, PLLC, Adrienne W. Kim,

Franklin Gray & White, Louisville, KY, for Plaintiffs.

Timothy L. Mauldin, Bell, Orr, Ayers & Moore, PSC, Bowling Green, KY, for Defendants.

## ORDER

DAVE WHALIN, United States Magistrate Judge.

The parties in this ERISA action have consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned Magistrate Judge for all further proceedings in this case, to include the entry of a final judgment. The case itself arises from the death of Donna May Cornish. The late Ms. Cornish was discovered on Jan. 14, 2004, by her son, Executor Brinon Cornish, drowned in her home bathtub. Police who responded to the scene estimated that Ms. Cornish had been lying submerged in the bathtub for approximately a full day before her body was discovered. The following day on Jan. 15, a medical examiner for the Kentucky Justice Cabinet performed an autopsy on the body of Ms. Cornish, which the examiner's report notes exhibited mild to moderate decomposition and putrification. Test results on her blood at that time revealed a blood alcohol level of .210. Based on the autopsy and test results, the medical examiner concluded that "death in this 55–year–old white female . . . is due to drowning during ethanol intoxication." (DN 33, Ex. B, Autopsy Report).

Prior to her death, Cornish had been employed by the National Processing Company (NPC) where she participated in NPC's group plan of basic life and acciden-tal death and dismemberment insurance coverage provided by Defendants, U.S. Life Insurance Company in the city of New York (U.S. Life) and American General Life Companies (AIG). The policy, which took effect on Jan. 1, 2004, included life insurance and accidental death coverage in the amount of $225,000 each and named her two children, Brinon and Heather Cornish, as beneficiaries.

Following his mother's death, Brinon Cornish filed a claim for both life and accidental death benefits under the policy. AIG initially denied coverage for any benefits. The company later approved payment of the life insurance benefit portion of the policy in June of 2004, but denied the claim for accidental death benefits based on the policy's exclusion for intoxication.[1] (DN 36, Ex. 8, denial letter). AIG based its denial on the medical examiner's conclusion that Ms. Cornish died as the result of drowning during ethanol intoxication. Brinon Cornish, as executor, disputes the applicability of this exclusion, which he argues requires proof of causation, and not merely that his mother died "while intoxicated" as her death certificate states (DN 36, Ex. 9, Death Certificate).

This dispute on whether the intoxication exclusion applies led to Cornish filing suit against U.S. Life and AIG in state court for breach of contract and unfair claims settlement practices (DN 1, Ex. 1, Complaint). Defendants removed the lawsuit to federal court (DN 1), where the District Court determined that the policy at issue is an employee benefit plan governed by the provisions of ERISA. See 29 U.S.C. § 1132(e) (DN 16). The parties thereafter consented to proceed before the Magis-

---

1. The relevant exclusion portion of the policy provides that
   No benefits will be paid for any loss that results from or is caused directly, indirectly, wholly or partly by:

   6. Being intoxicated or under the influence of any drug, unless taken as prescribed by a physician.
   (DN 33, Ex. C, policy, p. G–19001, ADDB–2).

trate Judge (DN 32). The question now is what standard of review is to be applied when the Court considers the decision of AIG to deny accidental death benefits.

## LEGAL ARGUMENT

U.S. Life and AIG argue that the appropriate standard of review in the present case is the arbitrary and capricious standard because the language of the policy at issue clearly provides discretionary authority to determine the eligibility of the claimants for benefits (DN 33). They rely heavily on the requirement of the policy that **"due proof of loss must be sent to U.S. Life"** (DN 33, Ex. D, Policy G–19001, ADDB–1) and on that portion that specifies that the company has the right to order an autopsy to determine whether the employee's death was the result of a covered accident (DN 33, Ex. E, Policy p. G–19001, GP). In the words of U.S. Life and AIG, "As these policy sections make clear, a claimant is required to submit due proof of loss, and based upon the proof submitted, the Company has discretionary authority to determine whether a covered loss has occurred and/or whether a listed exclusion is applicable." (DN 33, p. 5, brief of Defendants).

The primary authority that the two companies cite to support their position is the unpublished Sixth Circuit decision of *Leeal v. Continental Casualty Co.*, 17 Fed.Appx. 341, 343 (6th Cir.2001), which holds that the phrase "due written proof of loss" is sufficiently similar to the term "satisfactory proof," as interpreted in *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 557 (6th Cir. 1998), to grant the plan administrator the necessary discretion to justify the use of the less demanding, arbitrary and capricious standard. *Leeal,* 17 Fed.Appx. at 343.

U.S. Life and AIG point out the *Leeal* is followed by a number of district courts in the Sixth Circuit. In particular, they cite *Carpenter v. CNA Continental Casualty Co.*, 254 F.Supp.2d 730, 737 (S.D.Ohio 2002), along with *Schornhorst v. Ford Motor Co.*, 606 F.Supp.2d 658, 664–65 (E.D.Mich.2009) (unpublished decision), *Haley v. Lowe's Home Centers, Inc.*, 2007 WL 869613 at *4 (E.D.Tenn.2007) (unpublished decision) and *Hall v. Life Ins. Co. of North America,* 151 F.Supp.2d 831, 834 (E.D.Mich.2001). These decisions, according to the companies, follow *Leeal* to hold that the term "due proof" just like the term "satisfactory evidence" constitutes a sufficiently clear grant of discretion to require this Court to review the denial of benefits under the more favorable standard. Consequently, so long as a reasoned explanation can be offered for the decision to deny accidental death benefits, U.S. Life and AIG insist that it must be affirmed by this Court. *See Haus v. Bechtel Jacobs Co.,* 491 F.3d 557, 561–62 (6th Cir.2007).

As further support for their position, U.S. Life and AIG also rely upon a series of Sixth Circuit ERISA decisions that interpret the term "satisfactory proof." *See Perez v. Aetna Life Ins. Co.,* 150 F.3d 550, 557 (6th Cir.1998); *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380–381 (6th Cir.1996); *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979 (6th Cir.1991). These decisions hold that insurance policy provisions that call for "satisfactory proof" of disability clearly vest sufficient discretion with the plan administrator to require use of the arbitrary and capricious standard.

Cornish in his legal memorandum (DN 36) argues that under *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the appropriate ERISA standard to review the denial of benefits in this case is the *de novo* standard of review because the language of the policy fails to provide the plan

administrator with sufficient discretion to construe the provisions of the policy or to determine eligibility for benefits. He insists that any grant of discretion to the administrator must be clear and expressly provided in the employee benefit plan. *See Yeager v. Reliance Standard Ins. Co.,* 88 F.3d at 380 (citing *Perry v. Simplicity Engineering,* 900 F.2d 963, 965 (6th Cir. 1990)). According to him, the published decision of the Sixth Circuit that is the most persuasive is *Hoover v. Provident Life and Accident Ins. Co.,* 290 F.3d 801, 808 (6th Cir.2002), which holds that the contract language "written proof of loss," and "proper written proof" are not sufficient to create the discretion required for the arbitrary and capricious standard.

Cornish then cites a number of decisions from outside the Sixth Circuit that have considered whether the contract term "due proof" is a sufficiently clear grant of discretion to justify the use of the arbitrary and capricious standard. He specifically cites *Wilson v. Life Ins. Co. of North America,* 424 F.Supp.2d 1146, 1156 (D.Neb.2006), in which the district court for Nebraska holds that the language "due proof" does not confer discretion on the administrator and therefore the *de novo* standard of review applies. He also cites *Erbe v. Conn. Gen. Life Ins. Co.,* 2009 WL 605836 (W.D.Pa.2009) as another decision in which the district court for the Western District of Pennsylvania holds that "due proof" language in an employee benefit plan does not delegate discretionary authority, nor does a separate provision of the same policy that grants the insurance company the right to require a medical examination of any claimant under the policy. Finally, Cornish maintains that AIG in its denial letter to the executor specifically disclaimed its fiduciary duties under the policy and therefore justified the application of a *de novo* standard of review in the present case.

## LEGAL ANALYSIS

■ When an employee, or in this case an estate executor of a deceased employee, elects to challenge the determination of an employee benefit plan administrator concerning benefit eligibility under 29 U.S.C. § 1132(a)(1)(B), the initial question that must be addressed is the standard of review to be applied based on the language of the benefit plan at issue. *Gallagher v. Reliance Standard Life Ins. Co.,* 305 F.3d 264, 268 (4th Cir.2002) ("It is well-established that a court reviewing the denial of disability benefits under ERISA initially must decide whether a benefit plan's language grants the administrator or fiduciary discretion to determine the claimant's eligibility for benefits, and if so, whether the administrator acted within the scope of that discretion.").

■ The Supreme Court in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. at 115, 109 S.Ct. 948 discussed the standard of review to be applied in such circumstances. *Firestone* holds that when a denial of benefits is challenged under § 1132(a)(1)(B), a *de novo* standard of review will apply unless the benefit plan at issue provides the administrator with the discretion to determine eligibility for benefits or to construe the terms of the plan. *Bruch,* 489 U.S. at 115, 109 S.Ct. 948. This grant of discretion to the administrator must be an "express" one. *Perry v. Simplicity Engineering,* 900 F.2d 963, 965 (6th Cir.1990). In other words, the plan at issue must contain "a clear grant of discretion [to the administrator]." *Wulf v. Quantum Chem. Corp.,* 26 F.3d 1368, 1373 (6th Cir.1994).

■ Any ambiguity in the language of the contact is to be construed in favor of the employee insured in accordance with the principle of *contra proferentum,* which

provides that "ambiguous contract provisions in ERISA-governed insurance contracts should be construed against the drafting party." *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555–58 (6th Cir.1998) (citing *Schachner v. Blue Cross & Blue Shield*, 77 F.3d 889, 895 n. 6 (6th Cir. 1996)). Ambiguity, however, requires more than a mere disagreement between the parties to the contract over the meaning of a particular term. *D.E.W., Inc. v. Local 93, Laborers' Int'l Union*, 957 F.2d 196, 199 (5th Cir.1992). For ambiguity in the legal sense to exist, the disputed contract term must have two reasonable interpretations. *Id.*

■ Contract terms of an ERISA plan are subject to the federal common law rules of contract interpretation. *Perez*, 150 F.3d at 556–57 (citing *Pitcher v. Principal Mut. Life Ins. Co.*, 93 F.3d 407, 411 (7th Cir.1996)). The provisions of an ERISA plan are to be interpreted according to their plain meaning in an ordinary and popular sense. *Regents of the Univ. of Mich. v. Agency Rent–A–Car*, 122 F.3d 336, 339 (6th Cir.1997). The burden falls upon that party who asserts the arbitrary and capricious standard to show a clear and express grant of discretion; an ambiguous or merely implicit grant will not be sufficient. *See Mobley v. Continental Cas. Co.*, 383 F.Supp.2d 80, 85–88 (D.D.C.2005) (reviewing Sixth Circuit ERISA case law interpreting the term "due written proof").

Only one unpublished ERISA decision of the Sixth Circuit addresses the question of whether the term "due written proof of loss" in an employee benefits plan providing disability insurance gives a plan administrator sufficiently clear discretionary authority to determine eligibility for benefits so as to require judicial review under the arbitrary and capricious standard. That decision, as U.S. Life and AIG correctly

point out, is *Leeal v. Continental Casualty Co.*, 17 Fed.Appx. 341 (6th Cir.2001).

*Leeal* involved an appeal from an order of the district court that affirmed the decision of a plan administrator, Continental Casualty Co. Continental denied the disability claim of a clinical perfusionist for benefits based upon alleged loss of vision. *Id.* On appeal, the plaintiff employee argued that the "due written proof" language of the plan was insufficient to confer discretion on Continental Casualty and therefore the district court should have conducted *de novo* review rather than review under the arbitrary and capricious standard. The per curiam opinion affirmed the district court as follows:

> Here, the district court relied on the plan language about written proof of loss, time payment of claim, and particularly the phrase 'due written proof of loss.' The court concluded this phrase was similar to language in other cases where discretionary authority was found to have been conferred. It further noted that cases supported findings of a grant of discretion with the word 'proof' alone on the ground that it is a legal term of art which implicitly assumes a plan administrator will need to judge the evidence submitted by a claimant for its adequacy. J.A. 279 (citing *Bollenbacher v. Helena Chem. Co.*, 926 F.Supp. 781, 786 (N.D.Ind.1996)), and noting it was relied on by this court in *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550 (6th Cir.1998) (*en banc*).
>
> After carefully reviewing the parties' briefs and hearing their oral arguments, we AFFIRM for the reasons more fully articulated in the district court in its order dated on January 25, 2000.

*Leeal*, 17 Fed.Appx. at 341.

U.S. Life and AIG also are correct that a number of lower courts in the Sixth Circuit have relied on *Leeal* to hold that

plan terms such as "due proof" and "due written proof" contain a sufficiently clear grant of discretion to authorize the use of the arbitrary and capricious standard. These courts, for the most part, base their analysis on the earlier Sixth Circuit decision announced in *Perez*, 150 F.3d at 550 (interpreting an ERISA employee benefit plan containing the term "satisfactory proof"). Stripped of all elaboration, these cases hold that the contract terms "due proof" or "due written proof" are synonymous with the term "satisfactory proof." They therefore find sufficient discretion to require judicial review under the arbitrary and capricious standard.

The most recent of these decisions is *Schornhorst v. Ford Motor Co.*, 2009 WL 275727 at *2–3 (E.D.Mich. Feb. 5, 2009) (unpublished disposition). *Schornhorst* interprets the term "due written proof of loss" and "due proof," explaining:

> The term "due proof," as with the term "satisfactory evidence," signals that the recipient of the proof will make a determination as to its sufficiency to determine coverage under the terms of the contract. *See, Perez*, 150 F.3d at 555. Indeed, the Sixth Circuit has cited with approval at least one case that found discretionary authority where the policy language made reference only to "due proof." *See id.* at 556 (citing *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 505 (7th Cir.1995)) ... Therefore, this court finds the relevant plan language confers upon Mutual of Omaha the discretionary authority to make benefit determinations. The court will accordingly apply the arbitrary and capricious standard.

*Schornhorst*, 2009 WL 275727 at *3.

*Schornhorst* is merely the most recent of several district court ERISA decisions from the Eastern District of Michigan that have so held. One of the earliest, published decisions is *Hall v. Life Ins. Co. of North America*, 151 F.Supp.2d 831, 834 (E.D.Mich.2001) in which the district court likewise concluded, based on *Caldwell v. Life Ins. Co. of North America*, 959 F.Supp. 1361, 1365 (D.Kan.1997) and *Patterson*, 70 F.3d at 505, that the term "due proof" conveys sufficient discretionary authority to apply the arbitrary and capricious standard of review. While the *Hall* decision notes that the Seventh Circuit has now rejected *Perez* in *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 329 (7th Cir. 2000), the district court nonetheless declines to disregard *Perez* merely because *Herzberger* disagrees that the terms "due proof" and "satisfactory proof" are synonymous. *See also Bullard v. Daughters of Charity Nat'l Health Systems, Inc.*, 2003 WL 22213127 at *3–4 (E.D.Mich.2003) (expressing the view that while binding precedent in this circuit may favor the position of the defendant plan administrator on this issue, "the question is not settled.").

Outside of Michigan, several courts in both Tennessee and Ohio also have held that the term "due proof" is synonymous with "satisfactory proof" and therefore the *Perez* decision requires the arbitrary and capricious standard of review. One such decision from the Southern District of Ohio is *Carpenter v. CNA Continental Cas. Co.*, 254 F.Supp.2d 730, 736–738 (S.D.Ohio 2002), *affirmed*, 96 Fed.Appx. 993 (6th Cir. 2004). The *Carpenter* decision interprets the term "due written proof of loss." In *Carpenter*, the plaintiff employee argued that the word "due" as used in the plan was ambiguous and related only to the time when payment was required, or "due." Once again, the district court cited *Leeal* and noted its reliance on *Perez*, which in turn relies on the aforementioned *Patterson*, 70 F.3d at 505 and *Caldwell*, 959 F.Supp. at 1365 decisions, to hold that "due proof" imparts sufficient discretion to the plan administrator. In so doing, the

district court in *Carpenter* not only cites *Leeal,* as noted by U.S. Life and AIG in their response, the decision continues to offer the following qualification:

If this Court were considering Carpenter's argument as a matter of first impression, it might be persuaded by his grammatical argument, taken along with the canon of construction he invokes, to decide this issue in his favor.

*Carpenter,* 254 F.Supp.2d at 737.

Because the district court believed itself bound by *Leeal, Perez* and the Seventh Circuit decisions cited in *Perez,* it elected to follow *Leeal* while noting the "tension" between *Leeal* and several other district court decisions in the Sixth Circuit. *See Hoover v. Provident Life and Acc. Ins. Co.,* 290 F.3d 801, 808 (6th Cir.2002); *Chiera v. John Hancock Mut. Life Ins. Co.,* 3 Fed.Appx. 384, 390 (6th Cir.2001) (interpreting the term "written proof" as being insufficient to explicitly grant the discretion required to apply the arbitrary and capricious standard).

The district court for the Eastern District of Tennessee more recently noted *in dicta* in *Haley v. Lowe's Home Centers, Inc.,* 2007 WL 869613 at *4–5 (E.D.Tenn. 2007) (unpublished) that "other courts have interpreted the modifier 'due' used in juxtaposition to the words "evidence" or "proof" to operate in a similar manner [to the term "satisfactory evidence"] so as to constitute a sufficiently clear grant of discretion to mandate application of the arbitrary and capricious standard." *Haley,* 2007 WL 869613 at *4 (citing *Perez,* 150 F.3d at 555–58;) *Leeal v. Continental Cas. Co.,* 17 Fed.Appx. at 341; *Carpenter,* 254 F.Supp.2d at 736, 738 and *Hall,* 151 F.Supp.2d at 834.

*Leeal, Schornhorst, Carpenter* and *Hall* are far from the only ERISA decisions that address the current issue involving the terms "due proof" and "due written

proof." In fact, a number of decisions, published and unpublished, from within and without the Sixth Circuit have reached the exact opposite conclusion—that the quoted terms are *not* a sufficiently clear grant of discretion to the plan administrator to avoid the *de novo* standard of review. One published ERISA decision in this group is *Williams v. Continental Cas. Co.,* 138 F.Supp.2d 998, 1007–1010 (N.D.Tenn.2001). In *Williams,* the district court considered whether the terms "written proof" and "due written proof" sufficiently granted discretion to the plan administrator to apply the arbitrary and capricious standard. Contrary to the decisions discussed above, *Williams* rejected *Perez* as a basis for such a grant of discretion. The district court instead noted that the *Bollenbacher v. Helena Chem. Co.,* 926 F.Supp. at 787 decision cited in *Perez,* which holds that the mere request for "proof" in a disability plan is sufficient, does not reflect the current law in this circuit. In fact, the reasoning of *Bollenbacher,* notes *Williams,* has been rejected in this Circuit in *Chiera v. John Hancock Mut. Ins. Co.,* 2001 WL 111585 (6th Cir. 2001) (unpublished opinion) and in *Sparks v. Unum Life Ins. Co. of America,* 225 F.3d 659 (6th Cir.2000), both of which hold that the mere requirement that an employee submit "proof" is not, in itself, sufficient to grant discretion to the plan administrator. *See Sparks,* 225 F.3d 659, 2000 WL 1033003 at *3 (unless a plan requires a showing of "satisfactory proof" or some other qualitative threshold of proof, our precedents provide that the plan does not provide the administrator with discretion).

*Williams* concludes that the phrase "due written proof" simply means that there were two ways to fulfill the plan requirement of written proof so as to satisfy the time requirements of the plan. Nothing in the plan, according to *Williams,* indicates

that the phrase "due written proof" vested discretion in the plan administrator to determine the sufficiency of the proof submitted by the claimant. *Williams,* 138 F.Supp.2d at 1010.

In 2007, our sister district for the Eastern District of Kentucky in *Perrin v. Hartford Life Ins. Co.,* 616 F.Supp.2d 652, 657–60 (E.D.Ky.2007) (unpublished decision) also directly addressed whether an ERISA plan provision that required receipt of "due written proof" is sufficient to confer discretionary authority on the plan administrator. The plan administrator in *Perrin* argued that the phrase clearly suggests the need for the administrator to exercise its judgment when determining the entitlement of a claimant to benefits. *Id.* at 657–58. The employee argued in response that the phrase is ambiguous at best and unlike "satisfactory proof" has no subjective component indicating the exercise of discretion.

Judge Coffman in her opinion in *Perrin* begins her analysis by noting that interpretation of the term "due written proof" is "apparently a matter of some dispute within the Sixth Circuit." *Id.* at 658. Judge Coffman acknowledges the unpublished *Leeal* decision, but observes that *Leeal* is based on *Perez,* 150 F.3d at 550 (*en banc*) and *Bollenbacher,* 926 F.Supp. at 781, "two cases which involve policy language·much different from that seen in the plaintiff's LTD [long term disability] policy." *Id.* Judge Coffman instead found the more relevant authority to be the very decision now cited by Cornish, *Hoover v. Provident Life and Acc. Ins. Co.,* 290 F.3d 801, 807 (6th Cir.2002), which holds the terms "written proof of loss" and "proper written proof" are insufficient to satisfy the clear grant of discretion requirement. The Judge also relies on an earlier. published decision from the Eastern District of Kentucky, *Napier v. Hartford Life Ins.*

*Co.,* 282 F.Supp.2d 531, 534 (E.D.Ky.2003), a decision that likewise concludes that the term "due" refers only to the timeliness of the written proof and is not an indication of discretion to determine whether the evidence submitted is "satisfactory." *Perrin,* 616 F.Supp.2d at 659.

Most significantly, Judge Coffman concludes in the second section of her opinion on the standard of review that

> Though the defendant notes that *Leeal* has been followed by district courts within the Sixth Circuit, this Court is not persuaded that it should follow suit. In one of these cases, the district court stated that, although it felt compelled to adopt the 'arbitrary and capricious' standard '[p]ursuant to the principles of *stare decisis*' it also indicated that it might have decided the issue differently if it were considering it 'as a matter of first impression.' *Carpenter v. CNA, Continental Casualty Co.,* 254 F.Supp.2d 730, 737–38 (S.D.Ohio 2002). In the other, the court also. concluded that *Leeal* and 'the doctrine of *stare decisis*' suggested that a policy requiring 'written proof of loss' vested discretion in a plan administrator. *Willis v. ITT Educational Services, Inc.,* 254 F.Supp.2d 926, 935 (S.D.Ohio 2003). Neither of these cases reflects any adherence to the reasoning of *Leeal,* and, in light of *Hoover* and *Napier, stare decisis* neither mandates nor even suggests that Leeal be followed.

*Perrin,* 616 F.Supp.2d at 659 n. 8. Thus, Judge Coffman in *Perrin* rejects *Leeal,* and the decisions that follow it, to apply the *de novo* standard of review.

■ . This Court upon consideration must agree with Judge Coffman. *Leeal* is not sufficient support for those district court decisions in the Sixth Circuit that hold the term "due proof" to be a clear and express grant of discretion. The Court

does not reach this conclusion lightly. A number of compelling reasons mandate the rejection of *Leeal* in favor of the *Perrin* decision. First, *Leeal* as an unpublished, two-page decision, has no precedential force that requires a lower court in this circuit to adhere to its result based on the doctrine of *stare decisis. See Erbe v. Conn. Gen. Life Ins. Co.,* 2009 WL 605836 at *3 (W.D.Pa. Mar. 9, 2009)(indirectly referring to *Leeal* as being "a non-precedential decision from the Sixth Circuit."). See gen. *United States v. Sanford,* 476 F.3d 391, 396 (6th Cir.2007) ("As an unpublished decision, [*United States v.] Valdez* [147 Fed.Appx. 591 (6th Cir.2005) ] is not precedentially binding under the doctrine of *stare decisis,* but is considered by us for its persuasive value only.") (citing *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 295 n. 3 (6th Cir. 1993)); *Salamalekis v. Comm'r of Social Security,* 221 F.3d 828, 833 (6th Cir.2000) ("*Ernst* [*v. Commissioner of Social Sec.,* 70 F.3d 1271 (6th Cir. 1995) ] is not binding precedent because the opinion is unpublished").

More importantly, *Leeal* itself rests upon a shaky foundation to the extent that it adopts the view that the term "proof," standing alone, "is a legal term of art which implicitly assures a plan administrator will need to judge the evidence submitted by a claimant for its adequacy." *Leeal,* 17 Fed.Appx. at 343 (citing *Bollenbacher,* 926 F.Supp. at 786). As Judge Coffman notes in *Perrin,* the Sixth Circuit specifically has held that the terms "written proof" and "proof" do *not* convey discretion to the plan administrator so as to require the arbitrary and capricious standard of review. *Hoover v. Provident Life and Accident Ins. Co.,* 290 F.3d 801, 808 (6th Cir.2002). Indeed, even the persuasiveness of the *Bollenbacher* decision cited in *Leeal* has been called into question itself by subsequent case authority in the Sev-

enth Circuit. *Neurological Resources P.C. v. Anthem Ins.,* 61 F.Supp.2d 840, 849 (S.D.Ind.1999) ("If those elements of the plan were enough to justify deferential review under the arbitrary and capricious standard, that result would effectively reverse the Supreme Court's presumption in *Firestone* that benefit denials be reviewed under the *de novo* standard."). Thus, *Leeal* has only the *Perez* decision remaining as support for its conclusion.

The problem is that *Perez* does not interpret the terms "due proof" or "due written proof" in its opinion. At most, *Perez* merely makes reference to a decision of the Seventh Circuit that interprets such terms. Those district court decisions in the Sixth Circuit that cite to *Perez* all rest upon the assumption that the term "due" is synonymous with the term "satisfactory" for the purpose of ERISA analysis.

The Court cannot agree. The term "due" is not synonymous with the term "satisfactory" so as to extend sufficient discretion to the plan administrator to require the application of the arbitrary and capricious standard. In fact, the term "due" is defined in Webster's Dictionary to have the following meanings: 1) payable immediately or on demand; 2) owed as a debt; 3) fitting or appropriate; 4) meeting special requirements; 5) expected or scheduled; and 6) capable of being attributed. See *Webster's II New Riverside University Dictionary,* p. 409 (Riverside Pub. 1994). None of the various alternatives offered to define the term includes a clear subjective component in contrast to the term "satisfactory," which is defined by the same reference source to be "giving the satisfaction needed to meet a demand or requirement." *Id.* at p. 1038. Accordingly, the Court must agree with Judge Coffman in her rejection of *Leeal* and her rejection of those decisions that merely

equate the terms "due" and "satisfactory" without more.

A review of federal decisions from outside the Sixth Circuit that address this issue also persuades the Court that Judge Coffman correctly resolves the matter in *Perrin.* For example, in *Rivera v. Cornell Univ.*, 297 F.Supp.2d 412, 415–16 (D.Puerto Rico 2003), the district court interprets the term "due proof" in an ERISA-covered plan. In its analysis, the court rejects the attempt of the plan administrator to equate the term with "satisfactory proof" and specifically notes that only the Sixth Circuit at that time had found the term "satisfactory proof" to extend sufficient discretion to the plan administrator, contrary to federal decisions in the Second, Seventh, Eighth and Ninth Circuits. *Rivera*, 297 F.Supp.2d at 415.

Likewise, the district court for the Eastern District of Washington in *McCoy v. Federal Ins. Co.*, 7 F.Supp.2d 1134, 1140–41 (E.D.Wash.1998) concludes that the contract term "due proof of loss" does not contain a sufficient discretionary element to grant a plan administrator authority to interpret an ERISA plan. In the words of the court:

> First, the Plan here does not contain a discretionary element. The use of the word "due" in the phrase "due proof of loss" does not even suggest discretion. *See American National Ins. Co. v. Yee Lim Shee*, 104 F.2d 688, 693 (9th Cir. 1939). To the contrary, the Ninth Circuit has held that the language "due proof" in an insurance policy requires only such proof as would enable the insurance company to consider its rights and liabilities; it does not require proof sufficient to satisfy the insurer of the existence of the [loss] under the terms of the policy. *Yee Lim Shee*, 104 F.2d at 693 ... thus, the language in Pattel's plan requiring "due proof of loss" before

> payment of benefits does not constitute a discretionary element.
>
> Second, even if "due proof" is held to constitute a discretionary element, that discretion is not unambiguously retained by the Plan's Administrator. The Ninth Circuit recently interpreted ERISA plan language nearly identical to that in the instant plan and firmly rejected any notion that "so imprecise and ambiguous a provision" could be construed as vesting discretion in an ERISA plan administrator. *See Kearney v. Standard Ins. Co.*, 144 F.3d 597, 605 (9th Cir.1998).

*McCoy*, 7 F.Supp.2d at 1140–41.

The district court for New Hampshire also reaches the same result in *Meagher v. Life Ins. Co. of North America*, 1999 WL 969274 at *3–4 (D.N.H.1999). After a review of existing case law on the "due proof" issue, the district court concludes that "the plan's 'due proof' requirement clearly does not grant LINA discretionary authority to terminate a beneficiary's disability benefits." *Id.* at *4. Therefore, the court in *Meagher* as in *McCoy* and *Rivera* applies the *de novo* standard of review.

One of the more recent and persuasive published district court opinions to construe the term "due written proof" in the context of an ERISA-governed benefits plan is *Mobley v. Continental Cas. Co.*, 383 F.Supp.2d 80, 85–88 (D.D.C.2005). In *Mobley*, the district court for the District of Columbia initially notes that the mere authority of an administrator to deny a claim does not of itself confer discretion; nor is the requirement that a claimant submit some proof of eligibility sufficient to confer discretion to require the more deferential review. *Mobley*, 383 F.Supp.2d at 84–85 (citing *MacMillan v. Provident Mut. Life Ins. Co. of Philadelphia*, 32 F.Supp.2d 600, 609 (S.D.N.Y.1999) and *Fitts v. Fed. National Mort. Assoc.*, 236 F.3d 1, 5 (D.C.Cir.2001)). As for the

argument of the plan administrator that the disputed term conveyed sufficient discretion, the district court wrote as follows:

> Here, defendant argues that the language "due written proof" sufficiently confers discretion because the term "due" operates as a modifier on the type of proof needed. The D.C. circuit has not had the opportunity to address whether this policy language alone ("due written proof") is sufficient to confer discretion. However, several courts in other circuits have examined this exact language in assessing whether to review a denial of benefits under the *de novo* standard or the arbitrary and capricious standard. Although the results from these courts has [sic] been mixed, the majority of courts have found that the language "due written proof," alone, is not sufficient to confer discretion on a plan administrator.

*Id.* at 86 (collecting cases).

The district court in *Mobley* continues immediately to offer up a well-drafted review of various federal cases, including those from the Sixth Circuit such as *Leeal, Carpenter, Perez* and *Layman.* After this review, the court ultimately agrees "with those decisions that have found the language 'due written proof' insufficient to establish a clear intent to confer discretion upon the plan administrator." *Id.* at 87. In support of this view, the district court looks to the dictionary definition of the term "due" followed by examination of the term in the context of the employee benefit plan then under review. Given the ambiguity surrounding the definition of the term "due" and its location in the contract, and given that the plan administrator bore the burden of proof, along with the power to clearly indicate a grant of discretion had it chosen to do so, the district court in *Mobley* elects to apply the *de novo* standard of review.

This Court must do so as well. U.S. Life and AIG, as experienced insurers with ample resources, had the power and the responsibility to clearly draft language that would contain an express grant of discretion sufficient to warrant the deferential arbitrary and capricious standard of review. Defendants' disability plan does not contain a clear and express grant of discretion. To the contrary, to the extent that Defendants rely upon the terms "due proof" or "due written proof," such ambiguous terms cannot, and do not, in the context of the present plan, contain a sufficiently clear, express grant of discretion to apply the more liberal standard. The Court, therefore, shall review the denial of benefits in this case under the *de novo* standard as did the courts in *Perrin, Erbe, Mobley, Williams, Rivera, McCoy* and *Meagher.*