NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0205n.06

No. 11-2124

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 26, 2013
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CAROL LISS, | ) |
| | ) |
| Plaintiff-Appellant, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| FIDELITY EMPLOYER SERVICES | ) |
| COMPANY, LLC, et al., | ) |
| | ) **O P I N I O N** |
| Defendants, | ) |
| | ) |
| KATHLEEN MANCUSO, now known as | ) |
| Kathleen Martinez; PATRICIA MCHONE; | ) |
| FORD SAVINGS & STOCK INVESTMENT | ) |
| PLAN; FORD SAVINGS & STOCK | ) |
| INVESTMENT PLAN ADMINISTRATION | ) |
| COMMITTEE, | ) |
| | ) |
| Defendants-Appellees. | ) |

BEFORE: MOORE and COLE, Circuit Judges; and ROSE, District Judge.[*]

THOMAS M. ROSE, District Judge. Carol Liss ("Liss") appeals the district court's decision that she was not the properly-named beneficiary of Mary McDonald's ("McDonald's") funds in the Ford Savings and Stock Investment Plan (the "SSIP"). Liss also appeals the district court's decision that a constructive trust should not be imposed on McDonald's funds distributed from the SSIP to Kathleen Mancuso ("Mancuso") and Patricia McHone ("McHone").

_____

[*]The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

The instructions for submitting the proper beneficiary form are properly included in the SSIP Summary Plan Description ("SPD"). However, the record is not clear as to whether the SPD was properly furnished to McDonald. Therefore, this matter is remanded to the district court with instructions to remand to the Administrative Committee to develop the record on the issue of whether the SPD was properly furnished to McDonald. Finally, whether a constructive trust may be imposed is for the discretion of the district court after a determination of whether the SPD was properly furnished to McDonald.

## I.      JURISDICTION

This action relates to proceeds of a pension benefit fund administered pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The District Court had subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. The final decision of the district court was filed on August 17, 2011, and the Notice of Appeal was timely filed on September 8, 2011.

## II.     RELEVANT FACTUAL BACKGROUND

The following facts are excerpted from the opinion below. They are not disputed by the Parties to this appeal.

McDonald was a Ford Motor Company ("Ford") retiree who participated in the SSIP. The SSIP is an employee benefit plan governed by ERISA.

McDonald died on March 10, 2009. At the time of her death, her investment in the SSIP was fully vested. She also had group life insurance provided by Ford through MetLife.

McDonald was not married at the time of her death. The beneficiaries named on her life insurance policy were her nieces, Mancuso and McHone.

Ford is both the sponsor and administrator of the SSIP. Fidelity Management Trust Company is the SSIP Trustee, and Fidelity Investments Institutional Operations Company, Inc. provides the recordkeeping and administrative services for the SSIP.

Pursuant to the Master Recordkeeping Services Agreement (the "Agreement"), Fidelity was to be provided data, documents, policies, interpretations, rules, practices and procedures (collectively "Directions") as may be reasonably required to enable Fidelity to provide the services. The Agreement expressly states that, "[n]othing in this Agreement is intended to give Fidelity any discretionary authority or any discretionary responsibility for the Benefit Plans (including the SSIP), and the relationship of Fidelity to the Benefit Plans is intended to be that of a direct service provider or a directed trustee."

The SSIP names Ford as the sole fiduciary, and provides Ford the authority to control and manage the operation and administration of the plan. Also, the SSIP permits Ford to create an Administration Committee (the "Committee") that has full power and authority to administer the SSIP, interpret its provisions, and make factual determinations concerning the claims for benefits or the review of breach of fiduciary claims against the SSIP fiduciaries and other matters relating to the administration of the SSIP.

Under the SSIP and its Summary Plan Description ("SPD"), if an SSIP participant was not married at the time of death and was enrolled in Ford's group life term insurance plan, the assets in the SSIP account are to be distributed to the person(s) entitled to receive benefits under the Company's group term life insurance plan, administered by MetLife, unless the person designates someone else. As detailed in the SSIP and SPD, a participant may name a beneficiary for his or her SSIP account by completing an "SSIP - Alternative Designation, Change or Revocation of Beneficiary Form." The SPD further provides that the form may be requested from the Fidelity Service Center for Ford or through Fidelity Net Benefits, and that the completed form must be forwarded to MetLife, using the address printed on the form.

At the time of her death, Mancuso and McHone were the named beneficiaries on McDonald's life insurance policy. There were no named beneficiaries on McDonald's SSIP account at the time of her death. After McDonald's death, Fidelity was instructed to disburse her SSIP account proceeds to Mancuso and McHone.

Liss alleges that she is the rightful beneficiary of McDonald's SSIP. According to the Affidavit of Debra Welbes ("Welbes"), McDonald discussed at length with Welbes that she wanted Liss to be the beneficiary of McDonald's SSIP account.

Welbes obtained a form entitled the "Fidelity Retirement Plan Beneficiary Designation" from a Fidelity website. Liss's former counsel sent the completed Fidelity Retirement Plan Beneficiary Designation and an SSIP account statement to the "Fidelity Retirement Plan" rather than submitting the "SSIP - Alternative Designation, Change or Revocation of Beneficiary Form" to MetLife. Liss

asserts that the form her former counsel submitted to the "Fidelity Retirement Plan" was intended to name her as the beneficiary of McDonald's SSIP account.

On March 13, 2009, three (3) days after McDonald's death, Fidelity wrote a letter to McDonald informing her that the form submitted was not the valid beneficiary-designation form . Fidelity also informed McDonald in this letter that another form would be sent under separate cover.

On March 23, 2009, Liss's former counsel reported McDonald's death to MetLife. MetLife generated a Notice of Death form which listed Mancuso and McHone as McDonald's life insurance co-beneficiaries. Ford then generated a work order directing Fidelity to transfer McDonald's vested SSIP account balance to Mancuso and McHone.

In a letter dated April 6, 2009, Liss's former counsel informed Fidelity that Liss was the proper beneficiary and, if Liss was not paid the accounts, he demanded that the assets in the accounts be frozen pending resolution of the matter. In letters dated May 5, 2009, Mancuso and McHone were informed by Fidelity that an SSIP account was established in each of their names.

Liss then filed an action in Wayne County Circuit Court on May 7, 2009, seeking damages in the amount of McDonald's SSIP account balance and injunctive relief. The Defendants subsequently removed this action to the United States District Court for the Eastern District of Michigan, Southern Division.

On November 25, 2009, the Eastern District of Michigan court stayed the action and gave Liss 180 days to exhaust her administrative remedies. Liss then submitted a claim to Fidelity for review of her beneficiary status.

Fidelity forwarded Liss's claim to Ford. The Committee denied Liss's request to be recognized as beneficiary of McDonald's SSIP because McDonald had not used the correct form to change the beneficiary of her SSIP account.

Committee member Rosemary Parker ("Parker") recommended recognizing Liss as the primary beneficiary because, according to Parker, McDonald's intent was clear. The Committee did not accept Parker's recommendation.

## III.    RELEVANT PROCEDURAL BACKGROUND

Liss originally filed her action in state court in Wayne County, Michigan, and the Wayne County Circuit Court issued an injunction prohibiting transfer of McDonald's SSIP funds. This case was then removed to federal district court for the Eastern District of Michigan, Southern Division, based upon federal question jurisdiction under ERISA. The district court stayed the matter while Liss exhausted her administrative remedies. After Liss exhausted her administrative remedies, the district court determined that Liss was not the proper beneficiary of McDonald's SSIP account. This appeal followed. Subsequent to the filing of this appeal, Fidelity Employer Services Company and Ford Motor Company have been dismissed.

## IV.    STANDARD OF REVIEW

This Court reviews the decision of a district court granting judgment in an ERISA action based upon an administrative record de novo. *DeLisle v. Sun Life Assurance Co. of Canada,* 558 F.3d 440, 444 (6th Cir. 2009). A de novo review of an ERISA case on appeal is a review made without deference to the decision below or without any presumption of correctness, and the review

is based upon the record before the plan administrator. *Perry v. Simplicity Eng'g, a Division of Lukens Gen. Indus., Inc.*, 900 F.2d 963, 966 (6th Cir. 1990).

A denial of benefits in an ERISA action by a plan administrator is reviewed under a de novo standard unless the benefit plan gives the administrator discretionary authority to determine eligibility or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the insurance plan administrator is vested with discretion to interpret the plan, the denial of benefits is reviewed under the arbitrary and capricious standard. *DeLisle*, 558 F.3d at 444.

The arbitrary and capricious standard requires the court to review the quality and quantity of evidence and the opinions on both sides of the issues. *Id.* Under the arbitrary and capricious standard, the plan administrator's decision is upheld if it is "the result of a deliberate, principled reasoning process" and "supported by substantial evidence." *Id.* (quoting *Glenn v. MetLife*, 461 F.3d 660, 665 (6th Cir. 2006)). "[W]hen it is possible to offer a reasoned explanation, based on the evidence for a particular outcome, that outcome is not arbitrary or capricious." *Cox v. Standard Ins. Co.*, 585 F.3d 295, 299 (6th Cir. 2009).

The Ford SSIP Plan Document, Article XI, Section 11.3(b) states that:

> The Administration Committee shall have full power and authority to administer the Plan, interpret its provisions, and make factual determinations concerning claims for benefits or the review of breach of fiduciary duty claims against the Plan fiduciaries and other matters relating to the administration of the Plan. Any interpretation of the provisions of the Plan or findings of fact by the Administration committee shall be final and conclusive and shall bind and may be relied upon by the several Participating Companies, each of their employees, the Trustee and all Participants and other parties in interest. In addition, the Administration Committee shall have full power and discretionary authority to supply rules for matters not covered by the

> Plan and to supply missing terms, provided that all such actions shall be in writing and shall be consistent with existing Plan provisions.

(Sealed App. at 480, SSIP Plan, Conf. Ford at 153.) Thus, the benefit plan gives the administrator discretionary authority to determine eligibility or to construe the terms of the plan.

Liss argues that there is a conflict of interest that must be weighed as a factor in determining whether the Ford Plan Administrators acted arbitrarily or capriciously. The conflict asserted by Liss is that Ford both funds and administers the SSIP Plan. However, there is no conflict to be considered in this case because McDonald's SSIP had already vested. The question was not whether Ford would incur the expense of paying benefits, but which party would receive the benefits.

Liss also argues that the motives of the SSIP Plan Administrator must be considered as a factor when determining whether the SSIP Plan Administrator acted arbitrarily or capriciously. Liss questions the motives because the Ford Committee did not follow proper SSIP Plan procedures. This is because, according to Liss, Fidelity was to make the initial claim decision and, instead, the Ford Committee took over the claim and decided it as though it were an appeal from an adverse decision by Fidelity.

The SSIP Plan provides that, if a claim for benefits is denied, the Third Party Plan Administrator will provide written notification within ninety (90) days from the date of the claim. (Sealed App. at 480, SSIP Plan, Conf. Ford at 153.) The Third Party Plan administrator is defined as a person or committee of persons designated by Ford to administer the Plan. (Sealed App. at 424, SSIP Plan, Conf. Ford at 097.)

In this case, Liss's argument that the Committee did not follow proper Plan procedures is not well-founded. Although the SPD indicates that claims are to be submitted to Fidelity and may be acted on by Fidelity, the record indicates that Ford did not intend to give Fidelity any discretionary authority or any discretionary responsibility for the Benefit Plans (including the SSIP), and the relationship of Fidelity to the Benefit Plans was intended to be that of a direct service provider or a directed trustee. Since Fidelity had already administratively determined that McDonald's request to change beneficiaries could not be approved as submitted, it was appropriate for the Committee to expedite Liss's appeal process, particularly since the district court had given her only 180 days to exhaust her administrative remedies and Liss's counsel filed a lawsuit regarding Liss's claim before Fidelity had an opportunity to respond. Thus, the motives of the SSIP Plan Administrator are not considered.

The benefit plan gives the administrator discretionary authority to determine eligibility or to construe the terms of the plan and Liss has not shown that any conflict of interest exists or that the Committee's motives are questionable. Thus, this Court reviews the decision of the Committee under the arbitrary and capricious standard. In other words, does the SSIP Plan Administrator offer a reasoned explanation, based on the evidence, for its decision?

## V.     ANALYSIS

### A.     Review of the Decision of the Plan Administrator

The Committee decided that Liss was not the beneficiary of McDonald's SSIP account because Liss did not file the proper form with the proper entity. This Court must determine whether the Committee's decision was arbitrary or capricious.

Article XIV, section 14.1 of the SSIP Plan, which is included in the administrative record, requires a participant to "file in such a manner and in such form… as the Administration Committee shall specify a written designation of a beneficiary…." (Sealed App. at 495, SSIP Plan Conf. Ford at 168.) The Committee specified the form that participants must use and the manner in which they must submit it in the SPD, which is also included in the administrative record. (Sealed App. at 331, SPD Conf. Ford at 11.) The SPD provides that:

> You may name a beneficiary for your SSIP account by completing a <u>SSIP - Alternative Designation, Change or Revocation of Beneficiary Form</u>. You may also request the form from the Fidelity Service Center for Ford Motor Company or through Fidelity NetBenefits®. The completed form must be forwarded to MetLife, using the address printed on the form.

(Id.) The SPD also provides that the life insurance beneficiaries are the beneficiaries of an individual's SSIP account in the absence of a different beneficiary designation. (Sealed App. at 330-31, SPD Conf. Ford at 10-11.) Finally, a plan administrator must act "in accordance with the documents and instruments governing the plan," and a claim for benefits "stands or falls by the terms of the plan." *Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285, 300 (2009) (internal quotation marks omitted).

Because Liss did not submit the correct form, the Committee determined that Liss was not the beneficiary of McDonald's SSIP account and, because Mancuso and McHone were designated

by McDonald as beneficiaries of her life insurance, they received McDonald's SSIP account. The Committee offers a reasoned explanation, based on the evidence of record, that Liss is not a beneficiary of McDonald's SSIP account.

## B. Liss's Arguments

Liss argues that the SPD does not establish the terms of the SSIP plan. According to Liss, the Supreme Court has found that statements made in a summary plan description do not constitute the terms of the plan for purposes of ERISA. *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011). *Amara* does not, however, preclude applying the SPD terms requiring the form to be used and where to send the form.

First, *Amara* does not support Liss's argument because there is no conflict between the SSIP and the SPD in the case at hand. Unlike in *Amara*, the SPD did not "incompletely" or "misleadingly" describe the SSIP or add terms that were inconsistent with the SSIP. In this case, the SSIP authorized the Committee to specify the particular form, which it did in the SPD. *See Bidwell v. Univ. Med. Ctr, Inc.*, 685 F.3d 613, 620 n.2 (6th Cir. 2012) (because there does not appear to be any actual conflict between the summary plan description and the plan, "we need not consider the applicability… of *Amara*."); *McCorkle v. Bank of Am. Corp.*, 688 F.3d 164, 177 (4th Cir. 2012) (court did not address *Amara* because there was no conflict between the summary plan description and the plan); *Foster v. PPG Indust., Inc.*, 693 F.3d 1226, 1235 n.5 (10th Cir. 2012) (rejected *Amara* where procedures laid out in the summary plan description did not contradict the plan).

Second, *Amara* does not support Liss's argument because it does not disturb the Supreme Court's prior precedent that a summary plan description is one of the "documents [or] instruments governing the plan." *Amara* held that, on the facts of the case, statements in the summary plan description could not constitute the "terms" of the plan for purposes of 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that a summary plan description is "one of the documents and instruments governing the plan." *Kennedy v. Plan Adm'r for Dupont Sav. and Inv. Plan*, 555 U.S. 285 (2009); *see Crosby v. Rhom & Hass Co.*, 480 F.3d 423, 428 (6th Cir. 2007) (statements in a summary plan document are binding). An SPD can be a document or instrument governing the plan without constituting the terms of that plan.

The SPD did not establish the terms of the SSIP Plan. It did, however, communicate to a participant how to implement one of the terms of the SSIP Plan, the term involving the designation of beneficiaries. Therefore, the Committee's reliance on the SPD, which governs the plan by detailing the terms found in the SSIP, is not arbitrary or capricious.

Liss next argues that there is nothing in the record to suggest that the SPD was actually furnished to McDonald as contemplated under 29 U.S.C. § 1024(b). Therefore, according to Liss, McDonald cannot be expected to know which beneficiary form to use.

Liss did not appeal this issue to Fidelity nor did Liss object to the Administrative Record filed in the district court. Further, while Liss mentioned this issue in her briefing papers before the district court, this issue was not raised by her during the hearing conducted by the district judge on the cross motions for summary judgment.

Clearly, an ERISA claimant must exhaust his or her administrative remedies before commencing suit in federal court. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). However, whether an ERISA claimant must exhaust his or her issues, as opposed to claims, at the administrative level is less clear. We decline to impose such a requirement because of the non-adversarial nature of ERISA proceedings. See *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 632 (9th Cir. 2008) ("The non-adversarial nature of the ERISA proceeding weighs against imposing an issue-exhaustion requirement."); *see also Sims v. Apfel*, 530 U.S. 103, 110 (2000) ("Where… an administrative proceeding is not adversarial, we think the reasons for a court to require issue exhaustion are much weaker."). Liss's claim has remained the same at every level of this case: she asserts that she is entitled to the funds from McDonald's account. Nothing in ERISA or the governing documents in the case at hand, the SSIP and SPD, requires Liss to raise every issue before the Committee. *See Vaught*, 546 F.3d at 630. Therefore, Liss is not precluded from raising this argument on appeal.

Federal regulations promulgated by the U.S. Department of Labor, the agency authorized by Congress to interpret and enforce ERISA, offer guidance in interpreting the meaning of "furnish": "Material which is required to be furnished to all participants covered under the plan and beneficiaries receiving benefits under the plan… must be sent by a method or methods of delivery likely to result in full distribution." 29 C.F.R. § 2520.104b-1(b)(1).

The regulations go on to describe what this entails in the case of disclosure through electronic media. When an administrator furnishes required documents electronically, he must take "appropriate and necessary measures" to ensure that the documents are actually received; such as

"using return-receipt or notice of undelivered electronic mail features [or] conducting periodic reviews or surveys to confirm receipt of the transmitted information…." *Id.* § 2520.104b-1(c)(1). Furthermore, notice must be provided to all document recipients each time a new electronic document is furnished electronically, informing them of the significance of the document and of their right to receive a paper copy. *Id.*

In addition to the above procedural requirements, the regulations set strict limits on *who* may be sent electronic documents by plan administrators. These limitations allow administrators to send electronic documents through the Internet or other electronic communications network only to those participants and beneficiaries who have "affirmatively consented or confirmed consent electronically, in a manner that reasonably demonstrates the individual's ability to access information in the electronic form that will be used to provide the information that is the subject of the consent, and ha[ve] provided an address for the receipt of the electronically furnished documents…." 29 C.F.R. § 2520.104b-1(c)(2). Prior to consenting, the individual must receive in electronic or non-electronic form,

> … a clear and conspicuous statement indicating:
>
> (1) The types of documents to which the consent would apply;
> (2) That consent can be withdrawn at any time without charge;
> (3) The procedures for withdrawing consent and for updating the participant's, beneficiary's or other individual's address for receipt of electronically furnished documents or other information;
> (4) The right to request and obtain a paper version of an electronically furnished document, including whether the paper version will be provided free of charge; and
> (5) Any hardware and software requirements for accessing and retaining the documents….

*Id.*

Although this court agrees with Liss that there is nothing in the record to indicate that the SPD was actually furnished to McDonald, this issue was not raised at the administrative level. Therefore, there is no reason for any information regarding the furnishing of the SPD to be contained in the record. Because Liss is not precluded by an issue-exhaustion requirement, this case must be remanded to the district court with instructions to remand to the Administrative Committee to develop the record on the issue of whether the SPD was properly furnished to McDonald.

Liss's final argument is that the SPD containing the requirement to use the SSIP - Alternative Designation, Change or Revocation or Beneficiary Form is dated as having been issued on March 19, 2009, which is nine (9) days after McDonald died. However, although the SPD may have been revised effective March 19, 2009, other documents in the record make it clear that participants were required to use the SSIP - Alternative Designation, Change or Revocation of Beneficiary Form as early as 2004.

### C.      Constructive Trust

Liss seeks to have a constructive trust in her favor imposed on the funds distributed to Mancuso and McHone from McDonald's SSIP account. A plaintiff may seek a constructive trust "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002).

Whether a constructive trust may be imposed is for the discretion of the district court. In this case, whether a constructive trust should be imposed is for the district court to decide after a determination of whether the SPD was properly furnished to McDonald.

## VI. CONCLUSION

The Committee's decision was not arbitrary or capricious in so far as it considered the evidence of record. However, the evidence of record does not include an indication of whether the SPD was furnished to McDonald. Therefore, this matter is remanded to the district court with instructions to remand to the Administrative Committee to develop the record on the issue of whether the SPD was properly furnished to McDonald. Finally, whether a constructive trust may be imposed is for the discretion of the district court after a determination of whether the SPD was properly furnished to McDonald.